# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:21-cr-00226 |
| **Plaintiff,** | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| | **ORDER** |
| **DAVIS LU,** | |
| **Defendant.** | |

This matter is before the Court on Defendant's Unopposed Motion to Continue the trial and final pretrial dates, and to extend the relevant motion deadlines. Defendant's counsel represents that additional time is needed to review the voluminous and complex discovery documents that have been provided by the United States, including not only written reports by agents involved in the investigation, but also documents relating to the corporate servers that the Defendant is alleged to have unlawfully accessed and/or damaged. Furthermore, counsel intends to retain an expert to assist with analyzing the forensic evidence and additional time will be needed to review and/or examine the relevant electronic evidence in this case.

On April 5, 2021, the Court issued General Order No. 2020-08-7 In Re: CORONAVIRUS (COVID-19) PHASED-IN RECOVERY PLAN, which reads in relevant part, at pages 4, 5 and 6, as follows.

This Court previously issued General Order No. 2020-05, Amended General Order No. 2020-05-1, and Amended General Order No. 2020-05-2 In Re: CORONAVIRUS (COVID-19)

PUBLIC EMERGENCY. These Orders were in response to the exponential spread of COVID-19 and the declaring of a public emergency by the President of the United States and the Governor of the State of Ohio.

> The Centers for Disease Control and Prevention and other public health authorities have continued to advise the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, including the implementation of multi-phase business recovery plans to gradually resume operations. In response, the Court issued General Order No. 2020-08, Amended General Order No. 2020-08-1, Amended General Order No. 2020-08-2, Amended General Order No. 2020-08-3, Amended General Order No. 2020-08-4, Amended General Order No. 2020-08-5, and Amended General Order No. 2020-08-6 In Re: CORONAVIRUS (COVID-19) PHASED-IN RECOVERY PLAN.
>
> The Court's recovery plan continues to follow a multi-phase approach. The pace and progression of recovery through each phase are based on health and business recovery guidance from the Administrative Office of the United States Courts and the State of Ohio.
>
> \*\*\*
>
> To accommodate trials and the effect of public health recommendations on the trials, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of **justice served by ordering the continuances outweigh the interest of the public and** any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A).
>
> Accordingly,
>
> 1. Jury trials will commence on May 3, 2021 under the following conditions: 1) the judge, assistant U.S. attorney, defendant, and defendant's counsel all must consent on the record to the commencement of the jury trial; 2) only one jury trial at a time, civil or criminal, will be conducted in each courthouse, except for the Carl B. Stokes U.S. Court House, where no more than two jury trials may be conducted at a time; and 3) each jury trial will be scheduled for no more than five trial days. If a participant does not consent, it must be for a reasonable, articulable COVID-19 related reason, the validity of which will be determined by the presiding judge on a case-by-case basis.
>
> 2. The use of videoconference and teleconference as permitted by law for criminal proceedings will continue. If necessary, in-person court proceedings and in-person chambers proceedings will be limited to the number of people which permits the observance of the physical distancing requirement of six feet in all instances.
>
> 3. The use of videoconference and teleconference for change of plea hearings will proceed as permitted by law. Otherwise, to the extent possible and with the agreement of the

defendant, after filing a notice to enter an open guilty plea or plea agreement signed by the defendant and/or defense counsel, the taking of the plea of guilty and the sentencing shall be consolidated for a date after the presentence report has been prepared.

For the foregoing reasons, the Court finds that the ends of justice served by the granting of a continuance outweigh the best interest of the public and defendant in a speedy trial. 18 U.S.C.§§3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

**IT IS SO ORDERED.**     *s/Pamela A. Barker*

Date:  June 1, 2021

PAMELA A. BARKER
U. S. DISTRICT JUDGE