IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR226 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | STIPULATED PROTECTIVE ORDER |
| | ) | |
| Defendant. | ) | |

Pursuant to Title 18, United States Code, Section 1835, and Federal Rule of Criminal Procedure 16(d), it is stipulated and agreed by the United States of America (the Government) and defendant DAVIS LU (the Defendant), by and through the Defendant's counsel of record (collectively, "Defense Counsel"), and ordered by the Court:

1. The Government shall provide Defense Counsel with such information as is subject to disclosure pursuant to Federal Rule of Criminal Procedure 16(a)(1), including any information which the Government alleges constitute confidential and proprietary information contained in any of the information so disclosed (collectively, the "Protected Discovery Materials"). The Protected Discovery Materials do not include discovery provided prior to this Stipulated Protective Order.

2. Defense Counsel and any necessary employees, staff of the Defense Counsel, including (i) paralegals, legal assistants, and secretaries; and (ii) any person(s) who might serve as an expert whether as a trial witness or otherwise (collectively, the "Defense Team") shall maintain any and all Protected Discovery Materials (including any copies made thereof) as follows:

    a. The Defense Team shall use the Protected Discovery Materials solely and

exclusively in connection with the representation of the Defendant in this case, such as pre-trial investigation, trial preparation, pre-trial court proceedings and related filings, trial and any appellate process, and not for any commercial or other purpose. The Defense Team shall not disclose any of the contents of the Protected Discovery Materials to any person outside of the Defense Team, except for those experts or consultants to whom disclosure is agreed to by the Government or permitted by order of the Court under the process set forth in this Section 2(a) through Section 2(f). Should the Defendant decide to retain or in any manner use the services of any person(s) who might serve as an expert or consultant outside of the Defense Team in connection with the trial litigation process, whether as a trial witness or otherwise, the Defense Counsel shall identify such expert or consultant to the Government and to the Eaton Corporation ("Eaton"), prior to any disclosure of any Protected Discovery Materials. The Government, or Eaton, may register with the Defense Counsel within ten (10) working days any objection to any such identified expert or consultant with respect to concerns regarding the disclosure of any alleged confidential information as may be raised by the company who asserts possession of the alleged confidential information. If the Defense Counsel and the Government are unable to reach an agreement as to an objection by the Government, the Government will file any objections with the Court for adjudication within seven (7) days after Defense Counsel provides written notice of such disagreement. Likewise, if Defense Counsel and Eaton are unable to reach an agreement as to an objection by Eaton, Eaton will notify the Government, and the Government will then file any objections with the Court for adjudication within seven (7) days after Defense Counsel provides written notice of such disagreement to Eaton. The Defense

Team shall not disclose the Protected Discovery Materials to any identified expert or consultant until this Court rules on the objections and any response from the Defense Team. The Government shall bear the burden of persuasion.

  b. The Government, upon receiving notice from Eaton of the identity of the expert or consultant, shall not seek to contact the proposed defense expert or consultant and will only conduct such investigative activities as are necessary or related to confirming such identity as may be necessary to determine whether such expert or consultant may have a conflict of interest with Eaton that would preclude the expert or consultant from receiving the Protected Discovery Materials under the terms of this Stipulated Protective Order.

  c. The disclosure by the Defense Team to Eaton or the Government of a potential or retained expert or consultant is in connection with Title 18, United States Code, Section 1835, so under Federal Rule of Evidence 502(d) such disclosure shall not operate as any manner of waiver of attorney-client privilege or attorney work product by the Defendant.

  d. The Government shall not seek to obtain any further information about the expert or consultant, or from the expert or consultant other than that which is set forth in subsection 2b *supra* or provided for by Rule 16 of the Federal Rules of Criminal Procedure.

  e. The Defense Team may not employ an expert or consultant who works as a consultant, employee, officer, owner, or agent of a competitor to Eaton. Further, any expert or consultant retained by the Defense Team shall not work as a consultant, employee, officer, owner, or agent of a competitor to Eaton for two years following the

cessation of this prosecution at the trial court level. These restrictions may be modified only for good cause shown on motion to this Court.

      f.      The procedures outlined above shall govern the expert's or consultant's use, maintenance, disclosure, and safekeeping of the Protected Discovery Materials, except that the expert or consultant may maintain the Protected Discovery Materials at their offices, but only in a secure and protected place under the same secure conditions set out for the Defense Team in ¶ 2(a) & 4 of the Protective Order.

      g.      The only persons who may view the Protected Discovery Materials are members of the Defense Team. The Protected Discovery Materials will be designated as "Counsel Only". Should the Defense Team wish to show any document provided in the Protected Discovery Materials to the Defendant, the Defense Team will display the material in a controlled environment maintained by Defense team, i.e., office. The Defendant shall not be given any copy of the Protected Discovery Materials or be allowed to make a copy. Should the Defense Team wish to show any document provided in the Protected Discovery Materials to a witness or potential witness, the Defense Team must first obtain the agreement of the Government to permit the distribution of any document or material to the witness or potential witness as an exception to this Stipulated Protective Order. If the Government declines to permit such disclosure, the Defendant may seek relief from the Court by filing a motion for disclosure under seal, with notice to the Government which provides specific notice of the particular person and discovery item at issue. The Defense Team may inspect and review the Protected Discovery Materials at the offices of Defense Counsel. The materials may not be left with Defendant. The Protected Discovery Materials may not be accessed by, stored on, or

transferred to any cloud-based internet storage. Further, the Protected Discovery Materials may not be transferred or copied to any removable media access such as compact discs, digital video discs, thumb drives, hard drives or other such devices. All notes taken by any member of the Defense Team must be maintained and stored with the Protected Discovery Materials and are subject to the terms of this Stipulated Protective Order.

   h.  No person, other than the undersigned parties, shall have access to the Protected Discovery Materials until such person has read and agreed to the terms and conditions of this Stipulated Protective Order and has signed a copy of the attached "Agreement to the Stipulated Protective Order in the *United States v. Davis Lu*, Case No. 1:21-CR-226 (Barker)" ("the Agreement to Protective Order"). The Defense Team shall provide the Government with copies of all signed Agreements and shall keep copies of any signed Agreement to Protective Order with the Protected Discovery Materials

   i.  Any filings with the Court by Defense Counsel or the Government disclosing or describing any of the Protected Discovery Materials shall remain under seal and remain under seal until and unless the Court shall order otherwise. All testimony regarding Protected Discovery Materials shall be under seal and protected from public disclosure.

 3.  The Defense Team shall maintain a current list of all persons who have or have had access to the Protected Discovery Materials.

   4.  Defense Counsel and the Government shall promptly notify the other parties and the Court should they learn that any Discovery Material has been disclosed to anyone not authorized under the Stipulated Protective order, whether intentionally or unintentionally.

5. Upon conclusion of the trial and all appeals of this case or upon the earlier resolution of the charges against the Defendant, the Defense Team and the Defendant shall return all Protected Discovery Materials and any copies thereof to the Government and submit a certification of the same to the Court and the Government. The obligations of this Stipulated Protective Order shall survive the final resolution of this case and the Court shall retain jurisdiction after such final determination for the limited purpose of enforcing the provisions of this Stipulated Protective Order until the Court shall hold otherwise.

It is so agreed and stipulated by the undersigned parties, this 21st date of October, 2021.

**SO ORDERED, THIS** 21st **day of October, 2021**

*Pamela A. Barker*
HONORABLE PAMELA A. BARKER
United States District Court Judge

## AGREEMENT TO THE STIPULATED PROTECTIVE ORDER in
## *UNITED STATES v. SIRIOUS ASGARI,* Case No. 1:21-CR-226 (Barker)

I, _____, the undersigned, hereby acknowledge and declare that I have received a copy of the Stipulated Protective Order in *United States v. Davis Lu,* Case No. 1:21-CR-226 (Barker), dated October \_\_\_\_, 2021, and have read, understand, and hereby agree to the terms and provisions of the Stipulated Protective Order, and hereby agree and submit to the jurisdiction of the United States District Court for the Northern District of Ohio for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment for any violations thereof.

DATED: _____, 2021.

    Name: _____

    Signature: _____

    Address: _____

               _____

    Telephone: _____

    Email: _____

**Conclusion**

The above proposed Joint Stipulation and Agreement to the Stipulated Protective Order in United States V. Davis Lu, Case No. 1:21-CR-226 is hereby respectfully submitted by

                         BRIDGET M. BRENNAN
                         Acting United States Attorney

By:   /s/ Brian S. Deckert
       Brian S. Deckert (OH: 0071220)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3873
       (216) 685-2378 (facsimile)
       Brian.Deckert@usdoj.gov