IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO CONTINUE PRETRIAL
MOTION DEADLINE, FINAL PRETRIAL, AND JURY TRIAL**

AND NOW comes the Defendant, Davis Lu, by and through undersigned counsel, Friedman & Nemecek, L.L.C., and makes the within Motion to Continue and extend the relevant proceeding dates and, in support thereof, avers as follows:

1. A sealed Indictment was filed against the Defendant on April 1, 2021, alleging the following offense, *to wit*: one (1) count of Intentionally Damaging Protected Computer(s) in violation of 18 U.S.C. § 1030(1)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i). (Doc. No. 1). The Defendant was arrested in Houston, Texas, on April 14, 2021, and appeared in court that same day. The Defendant was granted an appearance bond (Doc. No. 5-4) and ordered released subject to various terms and conditions. (Doc. No. 5-6).

2. The Defendant appeared with counsel for an arraignment hearing on May 4, 2021. At that time, the Defendant entered a plea of "Not Guilty" to the foregoing charge. The Court accepted the plea and ordered that the previously imposed bond conditions remain in effect.

3. Since the commencement of the case, undersigned counsel worked diligently to find a qualified expert witness with experience and training in the specific coding languages and software programs relevant to the instant matter. After being told by multiple agencies and

professionals that a witness with the necessary experience would be difficult to find, counsel finally retained an expert on or about July 1, 2021.

4.   The undersigned immediately met with this expert and provided him with all the relevant documents and materials in their possession. After a careful review of these materials, as well as several discussions with undersigned counsel and Mr. Lu, the expert witness provided counsel with a list of additional documents and materials necessary to complete his evaluation.

5.   On or about August 12, 2021, counsel communicated these requests to AUSA Riedl. AUSA Riedl indicated that the additional information would need to be obtained from the company, and that he was awaiting a response about whether this information was available and how long it would take to obtain.  These items were eventually provided to the defense on or about November 10, 2021.

6.   On or about November 16, 2021the undersigned filed Unopposed Motion to Continue Pretrial Motion Deadline, Final Pretrial and Jury Trial (Doc. No. 19) on the basis that time was needed for the expert to analyze the evidence provided on November 10, 2021, consult with the undersigned concerning potential issues and/or defenses based upon the examination, and generate a report.  The Motion expressly noted that once all relevant discovery materials had been provided, the expert would require at least six (6) weeks to complete his review and analysis of the electronic evidence and generate a report, if necessary. (Doc. No. 19).

7.  On November 16, 2021, this Honorable Court Ordered a continuance to allow Defendant's the opportunity to adequately review the recently provided evidence, permit the expert witness to review and/or analyze the materials, and file any pretrial Motions that are warranted in this case. (Doc. No. 20).

8.  The undersigned immediately provided the expert with access to the additional evidence provided on November 10, 2021. After a careful review of these documents, as well as several discussions with undersigned counsel and Mr. Lu, the expert witness provided counsel with a list of additional documents and materials necessary to complete his evaluation.

9.  On January 13, 2022, counsel communicated these requests to AUSAs Riedl and Deckert via a letter. On January 19, 2022, AUSA Deckert indicated that the additional materials would need to be obtained from the company, and that he was awaiting a response about the availability of the items requested.

10. The undersigned spoke with AUSA Deckert on February 11, 2022, to ascertain if the company had been able to locate the additional discovery items.  AUSA Deckert advised counsel that the company was in the process of uploading the materials to the discovery portal and that they should be available for review in the near future.

11. The issues herein before the Court are extremely complex and require a firm understanding of the functionality of the company's server, including various codes and programs.  Reviewing the evidence and consulting with an expert witness are essential to a determination as to any potential defenses that Defendant might have at trial, including whether certain pretrial motions pertaining to the forensic evidence are warranted and/or necessary. Because these tasks cannot be completed prior to the deadlines set forth in the Trial Order, the undersigned requests that the Court continue the pretrial motion deadline as well as the final pretrial and trial hearings.

12. In light of the complexity of this case, the voluminous discovery materials and the need for further review and investigation, it is respectfully submitted that additional time is needed

and that the ends of justice are served in granting this request. The Defendant thus acknowledges that the extension of time caused by this continuance constitutes excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq*. Furthermore, counsel submits that Defendant's right to due process of law and effective representation outweigh the best interest of the public and the Defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(A), since, for the reasons stated herein, the failure to grant such continuance would deny counsel for Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

13. The Defendant respectfully submits that the instant continuance is sought for the above-stated reasons and not for purposes of undue burden or delay. Moreover, the undersigned maintains that Defendant is not at fault in causing any delay. Since the arraignment, the undersigned has worked diligently in its representation of the Defendant. Counsel promptly served the Government with a request for discovery and retained an expert witness to assist with reviewing the electronic evidence in this case. Likewise, the undersigned has served timely requests for additional discovery items that the expert needs in order to formulate his opinion, which will be extremely significant to the establishing a defense at trial. Counsel will continue to make all reasonable efforts to expedite this litigation.

14. The undersigned has discussed the instant request with AUSA Deckert, who indicated that the Government does not oppose a continuance of these proceedings.

**WHEREFORE**, the Defendant, Davis Lu, hereby respectfully renews his request that this Honorable Court continue the presently scheduled pretrial Motion deadline, final pretrial, and trial dates so as to allow counsel the opportunity to adequately review the forthcoming evidence, permit the Expert Witness to review, and file any pretrial motions that are warranted in this case.

Respectfully submitted,

DAVIS LU
By counsel

Dated: February 11, 2022            /s/ Eric Nemecek
ERIC C. NEMECEK (0083195)
IAN N. FRIEDMAN (0068630)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 11th day of February, 2021, which will send a notification of such filing electronically to the following: Daniel Riedl and Brian Deckert, Assistant United States Attorneys, 801 Superior Avenue, Cleveland, OH 44113.

Respectfully submitted,

/s/ *Eric Nemecek*
ERIC C. NEMECEK
IAN N. FRIEDMAN
Counsel for Defendant

6