IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO CONTINUE PRETRIAL
MOTION DEADLINE, FINAL PRETRIAL, AND JURY TRIAL**

AND NOW comes the Defendant, Davis Lu, by and through undersigned counsel, Friedman & Nemecek, L.L.C., and makes the within Motion to Continue and extend the relevant proceeding dates and, in support thereof, avers as follows:

1. A sealed Indictment was filed against the Defendant on April 1, 2021, alleging the following offense, *to wit*: one (1) count of Intentionally Damaging Protected Computer(s) in violation of 18 U.S.C. § 1030(1)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i). (Doc. No. 1). The Defendant was arrested in Houston, Texas, on April 14, 2021, and appeared in court that same day. The Defendant was granted an appearance bond (Doc. No. 5-4) and ordered released subject to various terms and conditions. (Doc. No. 5-6).

2. The Defendant appeared with counsel for an arraignment hearing on May 4, 2021. At that time, the Defendant entered a plea of "Not Guilty" to the foregoing charge. The Court accepted the plea and ordered that the previously imposed bond conditions remain in effect.

3. Since the commencement of the case, undersigned worked diligently to find a qualified expert witness with experience and training in the specific coding languages and software programs relevant to the instant matter. After being told by multiple agencies and professionals

that a witness with the necessary experience would be difficult to find, undersigned counsel finally retained an expert on or about July 1, 2021.

4. The undersigned immediately met with this expert and provided him with all the relevant documents and materials in their possession. After a careful review of all these documents, as well as several discussions with undersigned counsel and Mr. Lu, the expert witness provided undersigned counsel with a list of additional documents and materials necessary to complete his evaluation.

5. On or about August 12, 2021, undersigned counsel communicated these requests to AUSA Riedl. AUSA Riedl indicated that the additional information would need to be obtained from the victim company, and that he is awaiting a response about whether this information is available and how long it will take to obtain. These items were eventually provided to the defense on or about November 10, 2021.

6. On or about November 16, 2021, the undersigned filed an Unopposed Motion to Continue Pretrial Motion Deadline, Final Pretrial, and Jury Trial (Doc. No. 19) on the basis that time was needed for the expert to analyze the evidence provided on November 10, 2021, consult with the undersigned concerning potential issues and/or defenses based upon the examination, and generate a report. The Motion expressly noted that once all relevant discovery materials had been provided, the expert would require at least six (6) weeks to complete his review and analysis of the electronic evidence and generate a report, if necessary. (Doc. No. 19).

7. On November 16, 2021, this Honorable Court Ordered a continuance to allow Defendant the opportunity to adequately review the recently provided evidence, permit the expert witness to review and/or analyze the materials, and file any pretrial Motions that are warranted in this case. (Doc. No. 20).

8. The undersigned immediately provided the expert with access to the additional evidence provided on November 10, 2021. After a careful review of these documents, as well as several discussions with undersigned counsel and Mr. Lu, the expert witness provided counsel with a list of additional documents and materials necessary to complete his evaluation.

9. On January 13, 2022, counsel communicated these requests to AUSAs Riedl and Deckert via a letter. On January 19, 2022, AUSA Deckert indicated that the additional materials would need to be obtained from the company, and that he was awaiting a response about the availability of the items requested.

10. The undersigned spoke with AUSA Deckert on February 11, 2022, to ascertain if the company had been able to locate the additional discovery items. AUSA Deckert advised counsel that the company was in the process of uploading the materials to the discovery portal and that they should be available for review in the near future.

11. Based on those discussions, on February 11, 2022, the undersigned filed an Unopposed Motion to Continue Pretrial Motion Deadline, Final Pretrial, and Jury Trial (Doc. No. 21) on the basis that time was needed for the expert to analyze the forthcoming evidence, consult with the undersigned concerning potential issues and/or defenses based upon the examination, and generate a report.

12. On February 15, 2022, this Honorable Court Ordered a continuance to allow Defendant the opportunity to adequately review the forthcoming evidence, permit the expert witness to review and/or analyze the materials, and file any pretrial Motions that are warranted in this case. (Doc. No. 22). The Final Pretrial Conference was then reset for July 25, 2022, at 9:00 AM and the Jury Trial was reset for September 7, 2022, at 9:00 AM.

13. On or about June 10, 2022, the Government uploaded the materials that defense counsel had previously requested onto the electronic discovery portal. Undersigned immediately notified its expert that the additional evidence was available for review. The defense's expert is in the process of reviewing and analyzing the recently disclosed evidence.

14. Counsel submits that additional items may need to be requested and/or reviewed in order for the expert to conclusively determine the cause of the alleged technical issues that form the basis for the instant offenses.

15. Once the expert completes his review of all pertinent discovery items, he intends to prepare an expert report, which will then be disclosed to the Government in accordance with counsel's discovery obligations and this Honorable Court's Trial Order. Additionally, the parties intend to meet and discuss whether this matter can be resolved without the need for a trial. However, the defense needs to complete their investigation and analysis before such conversations can take place.

16. The undersigned and its expert have been working diligently to complete their investigation and prepare this matter for trial. However, those efforts have been impeded by certain circumstances beyond counsel's control. Specifically, the defense expert has been tasked with, *inter alia*, determining whether the Defendant is responsible for damaging his former employer's server such that the system became inoperable for a period of time. In order to render an opinion on that issue, the expert needs to review countless lines of code, log files and programs, all of which are highly technical and complex. What's more, before these items can be analyzed, they first need to be identified and extracted by the company. That extraction can take several weeks, if not longer, to complete, resulting in further delays to an already time-consuming process.

17. Reviewing the evidence and consulting with an expert witness are essential to a determination as to any potential defenses that Defendant might have at trial, including whether certain pretrial motions pertaining to the forensic evidence are warranted and/or necessary. Additionally, the parties intend to discuss whether the matter can be resolved without the need for a trial once the defense completes its investigation, which includes the expert's review, analysis and testing of all pertinent discovery materials. Because these tasks cannot be completed prior to the deadlines set forth in the Trial Order, the undersigned requests that the Court continue the pretrial motion deadline as well as the final pretrial and trial hearings.

18. Likewise, defense counsel is currently scheduled to commence a multi-defendant Medicare/Medicaid fraud trial in the matter of *United States v. Raheja, et al.*, Case No. 1:19-cr-00559, which is expected to last for six (6) to eight (8) weeks.

5

19. In light of the complexity of this case, the voluminous discovery materials, and the need for further review and investigation, it is respectfully submitted that additional time is needed and that the ends of justice are served in granting this request. The Defendant thus acknowledges that the extension of time caused by this continuance constitutes excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq*. Furthermore, counsel submits that Defendant's right to due process of law and effective representation outweigh the best interest of the public and the Defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(A), since, for the reasons stated herein, the failure to grant such continuance would deny counsel for Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

20. The Defendant respectfully submits that the instant continuance is sought for the above-stated reasons and not for purposes of undue burden or delay. Moreover, the undersigned maintains that Defendant is not at fault in causing any delay. Since the arraignment, the undersigned has worked diligently in its representation of the Defendant. Counsel promptly served the Government with a request for discovery and has been reviewing the materials that were recently provided by the Government. Counsel will continue to make all reasonable efforts to expedite this litigation.

21. The undersigned has discussed the instant request with AUSA Deckert, who indicated that the Government does not oppose a continuance of these proceedings.

**WHEREFORE**, the Defendant, Davis Lu, hereby respectfully requests that this Honorable Court continue the presently scheduled pretrial motion deadline, final pretrial, and trial dates so as to allow counsel sufficient time to complete its investigation and prepare for trial.

                                    Respectfully submitted,

                                    DAVIS LU
                                  By counsel

Dated: July 21, 2021                 /s/ *Eric Nemecek*
                                  ERIC C. NEMECEK (0083195)
                                  IAN N. FRIEDMAN (0068630)
                                  Counsel for Defendant
                                  Friedman & Nemecek, L.L.C.
                                  1360 East 9th Street, Suite 650
                                  Cleveland, Ohio 44114
                                  P: (216) 928-7700
                                  F: (216) 820-4659
                                  E: ecn@fanlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 21st day of July, 2022, which will send a notification of such filing electronically to the following: Daniel Riedl, Assistant United States Attorney, 801 Superior Avenue, Cleveland, OH 44113.

Respectfully submitted,

/s/ *Eric Nemecek*
ERIC C. NEMECEK
IAN N. FRIEDMAN
Counsel for Defendant