IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO CONTINUE PRETRIAL
MOTION DEADLINE, FINAL PRETRIAL AND JURY TRIAL**

Now comes the Defendant, by and through undersigned counsel, and hereby requests this Honorable Court to continue the pretrial motion deadline, final pretrial, and jury trial dates for the following reasons:

1.  A sealed Indictment was filed against the Defendant on April 1, 2021, alleging the following offense, *to wit*: one (1) count of Intentionally Damaging Protected Computer(s) in violation of 18 U.S.C. § 1030(1)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i). (Doc. No. 1). The Defendant was arrested in Houston, Texas, on April 14, 2021, and appeared in court that same day. The Defendant was granted an appearance bond (Doc. No. 5-4) and ordered release subject to various terms and conditions. (Doc. No. 5-6).

2.  The Defendant appeared with counsel for an arraignment hearing on May 4, 2021.  At that time, the Defendant entered a plea of "Not Guilty" to the foregoing charge. The Court accepted the plea and ordered that the previously imposed bond conditions remain in effect.

3. Presently, the Final Pretrial is scheduled for September 14, 2023, and the Jury Trial is set to begin on September 25, 2023.

4. Since the commencement of the case, the parties have worked diligently to exchange discovery, retain experts, review all materials, and discuss any potential resolutions. To that end, the undersigned and defense expert met with the Government in May of 2023 to present information and evidence pertaining to the defense's theory of the case.  An additional meeting was then conducted in July, and the parties have continued discussing the relevant issues as well as the potential to resolve this matter by way of a plea.

5.  Both the defense and the Government agree that an additional meeting is necessary in order to determine whether the matter can be resolved prior to trial.  As such, the parties are scheduled to meet on September 13, 2023, to further those discussions.  If a resolution cannot be reached, the parties intend to proceed forward with preparing the case for trial.

6.  As the Court is aware, this case is extremely complex and will require a significant amount of preparation should the matter ultimately proceed forward to trial.  The undersigned has retained an expert witness to assist with preparing a defense to these allegations. In order to render an opinion as to whether the Defendant is responsible for damaging his former employer's system, the expert needs to review countless lines of code, log files, and programs, all of which are highly technical and complex.

7.  Throughout the course of these proceedings, the defense has provided the Government with numerous requests for specific evidentiary items that the defense needs in order to fully investigate the allegations and to prepare and present a defense. The Government has been working diligently with the Corporation to locate, extract, and upload the requested discovery materials. Given the complexity of their systems and the sheer volume of materials, this process can often take weeks or months to complete, resulting in further delays to an already time-

2

consuming process.[1]

8.  In some instances, the Corporation no longer possesses the particular items requested by the defense. Accordingly, the defense has obtained said materials from other sources, including through the issuance of Subpoenas. Because these materials are similar in nature to those requested from the Corporation, the process of identifying, extracting, and uploading the items is extremely time-consuming.[2]

9.  Should this matter ultimately proceed to trial, both the Government and defense will need to obtain additional materials and/or undertake further investigative measures in order to present their respective cases.

10.  Once all discovery materials have been exchanged, reviewed, and/or forensically analyzed, the parties' experts will need to prepare reports, which will then be disclosed in accordance with counsels' discovery obligations and this Honorable Court's Trial Order. In light of the outstanding discovery and remaining investigative tasks, however, the experts will be unable to prepare reports within the timeframe required by Rule and/or this Court's Trial Order.

---

[1] As an example, the undersigned sent a letter to AUSA Deckert in July of 2022 requesting the production of certain electronic correspondences of the Defendant and other employees of the Corporation.  AUSA Deckert immediately communicated said request to the Corporation. Earlier this week, the undersigned was advised that the relevant materials have been identified and are in the process of being extracted from the Corporation's system.  Once the materials have been extracted and produced, counsel and the defense expert will need to review the evidence, which is expected to be voluminous.

[2] For instance, on or about September 19, 2022, counsel issued a Subpoena *duces tecum* to a company that provides technical support to the victim/Corporation. Since that time, the undersigned has had numerous conversations with the company's in-house counsel to clarify the nature and scope of the requested materials and to address certain logistical concerns related to the protection of proprietary information. While the company did provide the documents to counsel, the amount of time and effort devoted to obtaining the evidence, which is needed in order to prepare a defense, is representative of the general complexities underlying the allegations that the Defendant is facing.

11.  A continuance of the current deadline and trial schedule is necessary so the parties can determine whether this case can be resolved without a trial.  Alternatively, to the extent that such a resolution is not possible, a continuance of the current schedule (*i.e.*, pretrial motion deadline, final pretrial and trial) is necessary, particularly in light of the complexities of the case and the additional tasks that would be required in order to adequately prepare the matter for trial, including the preparation and filing of substantive pretrial motions as well as expert reports.[3]

12.  Based upon the foregoing facts and circumstances, the Defendant respectfully submits that the ends of justice would be served by granting this request. The Defendant acknowledges that the extension of time caused by this continuance constitutes excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq*. Furthermore, counsel submits that Defendant's right to due process of law and effective representation outweigh the best interest of the public and the Defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(A), since, for the reasons stated herein, the failure to grant such continuance would deny counsel for Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

13.  The instant request is sought for the above-stated reasons and not for purposes of undue burden or delay.  Moreover, continuing these proceedings would serve the interests of justice as the parties are still negotiating a possible resolution of this matter and will need adequate time to prepare for trial should a resolution not be reached.

---

[3] If it is determined – after the September 13th meeting – that the matter cannot be resolved by way of a plea agreement, the parties would prefer to set firm schedules to ensure that the case can proceed forward without the need for any further continuances.  Accordingly, should this Honorable Court grant the instant request, the parties will confer to identify a realistic timeline within which to prepare as well as proposed dates that counsel would be available for trial, subject to this Honorable Court's approval.

14.    The undersigned has discussed the instant request with AUSA Deckert, who indicated that the Government does not oppose a continuance of these proceedings.

**WHEREFORE**, the Defendant, Davis Lu, hereby respectfully requests that this Honorable Court continue the presently scheduled pretrial motion deadline, final pretrial and trial dates so as to allow counsel the opportunity determine whether the matter can be resolved by way of a plea and, if not, to prepare the case for trial.

Respectfully submitted,

Dated: <u>September 8, 2023</u>              <u>*/s/ Eric Nemecek*</u>
Eric C. Nemecek (0083195)
Ian N. Friedman (0068630)
Counsel for Defendant
Friedman Menashe Nemecek & Long, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com
E: inf@fanlegal.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 8th day

of September, 2023, which will send a notification of such filing electronically to the following:

Brian Deckert, Assistant United States Attorney, 801 Superior Avenue, Cleveland, OH 44113.

Respectfully submitted,

*/s/ Eric Nemecek*
ERIC C. NEMECEK
IAN N. FRIEDMAN
Counsel for Defendant