IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR226 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | MOTION TO CONTINUE TRIAL AND |
| | ) | MAKE A FINDING OF EXCLUDABLE |
| Defendant. | ) | DELAY |

Now comes the United States of America, by and through Rebecca C. Lutzko, United States Attorney and Daniel J. Riedl and Brian S. Deckert, Assistant United States Attorneys, and hereby requests this Honorable Court to continue the trial date currently schedule for June 10, 20024 to July 22, 2024, for the following reasons:

On May 16, 2024, a final pretrial was conducted in this matter. During that final pretrial it was discovered that another criminal matter was set for trial on June 3, 2024, which is when the instant matter was scheduled to begin trial.  The parties agreed to move the start of the trial one week to June 10, 2024, and the Court found the continuance would serve the ends of justice. Subsequent to the hearing, the United States discovered that two of its witnesses are unavailable the week of June 10, 2024.  The United States is therefore requesting that the trial date be continued to July 22, 2024, and that the ends of justice would be served by this continuance.

18 U.S.C. § 3161(h)(7) states that the Speedy Trial calculation shall not include:

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Supreme Court gives trial courts "broad discretion . . . on matters of continuances." *See Morris v. Slappy*, 461 U.S. 1, 11 (1983). When finding that the ends of justice is served by granting a continuance under the Speedy Trial Act, courts must provide "on-the-record findings that the ends of justice . . . outweigh the public's and defendant's interests in a speedy trial." *Zedner v. United States*, 547 U.S. 489, 498-99 (2006). "The requirement of a specific rationale does not mean that the district court must give its reasons contemporaneously with the granting of the continuance." *United States v. Thomas*, 272 F. App'x 479, 483 (6th Cir. 2008).

The United States has spoken with counsel for Defendant, and he is in agreement with this change and will be filing an additional waiver of speedy trial following this filing. WHEREFORE, the United States requests this Honorable Court grant this motion to continue,

make specific findings that the continuance serves the ends of justice, and find that the delay is excludable in the calculation of Speedy Trial.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:  /s/ Brian S. Deckert
     Brian S. Deckert (OH: 0071220)
     Daniel J. Riedl (OH: 0076798)
     Assistant United States Attorneys
     United States Court House
     801 West Superior Avenue, Suite 400
     Cleveland, OH 44113
     (216) 622-3873/3669
     (216) 685-2378 (facsimile)
     Brian.Deckert@usdoj.gov
     Daniel.Riedl@usdoj.gov