UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR226 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | JOINT PROPOSED VOIR DIRE |
| Defendant. | ) | |

The United States of America, by and through counsel, Rebecca C. Lutzko, United States Attorney, and Brian S. Deckert and Daniel J. Riedl, Assistant United States Attorneys, and Candina S. Heath, Senior Counsel, Department of Justice Computer Crime and Intellectual Property Section, and Defendant Davis Lu, by and through his counsel, Ian N. Friedman and Eric C. Nemecek, hereby jointly submit the following set of proposed questions to be directed to the jury panel during voir dire examination.

        Respectfully submitted,

        REBECCA C. LUTZKO
        United States Attorney

By: /s/ Brian S. Deckert
     Brian S. Deckert (OH: 0071220)
     Daniel J. Riedl (OH: 0076798)
     Assistant United States Attorneys
     801 West Superior Avenue, Suite 400
     Cleveland, OH 44113
     (216) 622-3873/3669
     (216) 522-8355 (facsimile)
     Brian.Deckert@usdoj.gov
     Daniel.Riedl@usdoj.gov

**PROPOSED VOIR DIRE QUESTIONS**

1. Do you or any relatives or close friends know any of the attorneys involved in this case?

    a. Brian S. Deckert and Daniel J. Riedl, Assistant U.S. Attorneys and Candina S. Heath, Senior Counsel, Department of Justice Computer Crime and Intellectual Property Section, representing the United States;

    b. Ian N. Friedman and Eric C. Nemecek, Friedman Nemecek Long & Grant, LLC, representing the Defendant, Mr. Davis Lu;

    c. If yes, provide the details;

    d. If yes, would your acquaintances with such attorney(s) affect your ability to be fair and impartial in this case?

2. Are you or any relatives or close friends acquainted with the Defendant, Davis Lu, or his family?

    a. If yes, provide the details.

    b. If yes, will that acquaintance make it difficult for you to objectively determine the facts in this case and apply the instructions of law given by the Court?

3. Have you ever been a juror in a civil or criminal case?

    a. If yes, provide the details.

    b. If yes, what Court?

    c. Civil or Criminal case?

    d. Did the jury on which you served reach a verdict?

4. Have you or any member of your family ever been arrested, charged, or convicted of a criminal offense other than a minor traffic offense?

    a. If yes, provide the details.

    b. If yes, did you feel the police or prosecutor treated you or your family member or close friend fairly?

    c. Would your prior experience with the criminal justice system affect your ability to be fair and impartial in this case?

5. Have you or any relatives or close friends been wrongfully accused of a criminal offense other than a minor traffic offense?

    a. If yes, provide the details.

6. Do you or any relatives or close friends work in law enforcement as a police officer, military police officer, or federal agent?

    a. If yes, provide details.

    b. Would this relationship affect your ability to be fair and impartial in this case?

7. Do you or any relatives or close friends work for any branch of the United States government, including the United States Attorney's Office?

    a. If yes, please provide details.

8. Have you ever applied for any position of employment within the government, including but not limited to law enforcement, military, or civil service positions?

    a. If yes, please provide details.

9. Have you, or has any member of your immediate family, been involved in the practice of criminal law, either as a prosecutor or as a defense attorney?

    a. If so, please provide details.

10. Have you, or have any member of your immediate family, been employed in criminal defense work, such as private defense attorneys, public defenders, private investigators, or jury consultants?

    a. If yes, please provide details.

11. Do you have any negative feelings toward, or have you had an unpleasant experience with the following agencies or offices?:

    a. Federal Bureau of Investigation;

    b. United States Attorney's Office.

    c. Public or private criminal defense offices.

12. Have you ever had any unpleasant experience with law enforcement officers?

    a. If yes, please provide details.

    b. If yes, would this experience cause you to favor either the government or the defendant in this case?

13. Have you or any member of your immediate family ever filed a claim against the United States government?

    a. If so, was that claim resolved in your favor or in favor of the government?

    b. Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

14. Has the United States government ever filed a claim against you or any member of your immediate family?

    a. If so, was that claim resolved in your favor or in favor of the government?

    b. Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

15. Do you possess any philosophical, moral, or religious convictions that would make it difficult for you to sit in judgment of another person?

16. Do you have any problem reading or understanding the English language?

17. Do you have a hearing problem that would make it difficult for you to listen to and evaluate testimony?

18. Do you have a health problem that would make it difficult to give this case your complete attention?

19. Have you heard or read or do you know anything about the subject matter of this case?

    a. If so, have you formed any opinion or notion about whether the defendant is guilty or not guilty?

    b. If you have formed such an opinion or notion, are you able to set that opinion or notion completely aside and decide this case solely and exclusively upon the evidence presented to this Court and upon the instructions of law given to you by this Court?

20. Will you confine your deliberations in this case to the evidence presented in this courtroom?

21. Will you apply this Court's instructions of law and not substitute your own ideas or notions about what the law ought to be?

22. Will you wait until all the evidence has been presented and the Court has instructed you upon the applicable law before reaching any conclusion concerning the guilt or lack of guilt of the defendant?

23. Will you be able to render a decision as to guilt or lack of guilt without regard for sympathy, pity, or other feelings you may have, either for or against the defendant?

24. All individuals that come to Court as a Defendant are presumed innocent and are cloaked with this presumption unless and until their guilt is proven beyond a reasonable doubt.  Is there any consideration of this presumption that would prevent you from being a fair and impartial juror in this case?

25. Would any of you prefer not to sit as a juror in this and/or any criminal case?

    a. If so, please explain your reasoning.

26. Do any of you know of any reason why you cannot make a fair and impartial decision in this case?

27. Please state whether you are affiliated with or a member of any groups, clubs, and/or organizations.

    a. If so, please provide details.

28. What is your primary source of local, national, and/or international news?

29. Do any of you know any of the following people who are potential witnesses who may be called to testify on behalf of the United States government?

               [Witness Lists provided per the Court's Trial Order]

30. Do any of you know any of the following people who are potential witnesses who may be called to testify on behalf of Mr. Davis Lu?

               [Witness Lists provided per the Court's Trial Order]

31. Would any of you judge the credibility of law enforcement officers by different standards than you would judge the credibility of other witnesses?

32. Have you or have any of your close friends or relatives ever been the victim of a crime?

    a. If so, would your experience make it difficult for you to be fair and impartial in this case?

    b. If so, please explain.

33. Have you or any members of your immediate family ever served in the United States military?

    a. If so, what branch of Service and what years?

    b. What was the highest rank achieved?

34. The Government and Defense would also request the Court elicit from each prospective juror:

    a. His/her occupation;

    b. His/her marital status;

    c. The occupation of the prospective juror's spouse;

    d. Whether the prospective juror has any children; and

    e. The ages and occupations of any such children.

35. Have you or a close family member ever been a victim of phishing, hacking, malware, ransomware, or other computer-based crime including an unsuccessful attempt?

36. Have you, a family member, or a close friend worked in the fields of computer science, information technology, or cyber security, or in some other profession that extensively involves some aspect of computers? If so, where were you employed and what type of position did you hold?

37. Eaton Corporation will be referenced during this trial. Have you, or a family member ever worked for Eaton? Have you or a close family member ever been involved in any dispute or litigation with Eaton? Do you have any experiences, feelings, or views about Eaton that would prevent you from being fair and impartial in this case?

38. I already indicated, this case involves computer networks, computer codes and programs, logs, and all manner of things associated with computer technology. As you know, computers touch virtually all aspects of our daily lives, but I want to assess your familiarity with and background relating to computers and computer technology.

    a. First, are any of you by education, training, or experience "computer professionals," that is, does your current work extensively involve some aspect of computers and/or

    information technology or have you at some point in your career been extensively involved in that area?

  b. Do any of you consider yourself sophisticated in computer networks and the structure and function of those networks?

  c. Do any of you consider yourself knowledgeable but not sophisticated in computer networks and the structure and function of those networks?

  d. Have you heard the term "dedicated denial of service (or "DDOS") attack?" If so, what is your understanding of what that is?

  e. For those of you who have not identified as knowledgeable or sophisticated in computer technology, how would you best describe your level of familiarity or ability with computers and computer technology?

39. Does anyone feel that the government should not pass laws nor be involved in the use of computers, or attacks on the computer networks of private companies? In other words, the government should not try to legislate the protection of computer systems and networks against viruses, and other bad conduct on or associated with computer systems?

40. A Defendant has an absolute right not testify on their behalf at trial and their silence may not be considered for any purpose. Despite this instruction, who here believes that a Defendant should testify and/or that a Defendant that exercises their right not to testify would carry a negative implication?

41. You will learn that Davis Lu is a Chinese citizen.

  a. Does anyone harbor any opinion or feeling involving China or the Chinese culture that would affect, in any way, your ability to preside in this case as an impartial juror?

    b. Despite being permitted to work and reside in the United States, does anyone feel that Mr. Lu's nationality or citizenship status will cause them to afford Mr. Lu less credibility because of his country of origin and/or immigration status?

    c. Although not required – and therefore not to be considered for any purpose – to testify on his own behalf, should Mr. Lu opt to testify, would difficulty understanding his accent cause you to afford Mr. Lu less credibility than any other witness?

42. How long have you worked for your current employer?

43. What has your experience been like working for your current employer?

44. Is there any other reason that we have not covered that would prevent you from being a fair and impartial juror in this case?