# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S TRIAL BRIEF

Now comes the Defendant, Davis Lu, by and through undersigned counsel, Friedman, Nemecek, Long & Grant, L.L.C., and pursuant to the Court's Criminal Pretrial Order, hereby submits the instant Trial Brief:

## I.    JOINT PRELIMINARY STATEMENT

Per the agreement of the parties, the following Preliminary Statement should be utilized at trial:

The Indictment in this case accuses Defendant Davis Lu of Intentionally Damaging Protected Computers, from on or about August 4, 2019, through on or about September 5, 2019. The United States alleges that Mr. Lu knowingly caused the transmission of a computer program, information, code, or command and intentionally caused damage, without authorization, to a protected computer.  It is alleged that Mr. Lu's actions affected ten or more protected computers during a one-year period and caused at least $5,000.00 in loss.

Mr. Lu denies the allegations and is presumed innocent of all charges.

## II.    STIPULATIONS

Due to unforeseen technical issues, the defense did not receive the Government's proposed stipulations until approximately 3:00 p.m. this afternoon.  Accordingly, the parties are still in the process of reviewing and discussing the proposed agreed upon stipulations for purposes of trial in this case, and will file a Joint Proposed Stipulation separately.

## III.    JURY INSTRUCTIONS

The parties have filed a Joint Proposed Jury Instructions and Verdict Form setting forth the instructions upon which the parties agree and those to which there are objections.

**A.    Defendant OBJECTS to the following proposed instructions and requests that the Court incorporate the suggested revisions (*emphasized language in Proposed Jury Instructions constitutes suggested revisions*):**

1.    <u>Direct and Circumstantial Evidence</u> (**Instruction 6**)

**a.**    The proposed revisions are derived, verbatim, from the Criminal Jury Instructions adopted and employed by Judge Zouhary.  In addition to being a correct statement of law, the language serves to clarify the types of evidence to be presented in this case as well as the relative restrictions and weight to be applied thereto.

    **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.06; Judge Zouhary Criminal Jury Instructions

2.      Count 1: Transmission of Program to Intentionally Cause Damage to a Computer -
        Elements, 18 U.S.C. § 1030(a)(5)(A) (**Instruction 11**)

**a.**      The Defendant requests that the Court incorporate the additional language under
Paragraph (1)(B) of the Government's Proposed Jury Instruction to further qualify the requisite
intent necessary in light of the alleged criminal offense.  Because the CFAA does not define the
term, the proposed language constitutes the ordinary usage as well as established Sixth Circuit
precedent addressing violations of 18 U.S.C. § 1030(a)(5)(A). *See, e.g.,* 7 Oxford English
Dictionary 696, 1080 (2d ed. 1989); *Pulte Homes, Inc. v. Laborers' International Union*, 648
F.3d 295, 302-303 (6th Cir. 2011); *see also United States v. Carlson*, 209 Fed.Apx. 181, 184-185
(3d Cir. 2006) (sustaining a conviction where the jury instructions provided that "[a] person acts
intentionally when what happens was the defendant's conscious objective").

**b.**      The remaining proposed revisions to Paragraph (2) are intended to reiterate the
Government's burden of proof with respect to each and every element of the charged offense in a
manner that is more easily comprehended by lay jurors.

        **Authority:**

        Fed. Crim. Jury Instr. 7th Cir. 1030(a)(5)(A) (2023 ed.), modified to be consistent with
Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 2.02; *see also Pulte
Homes, Inc. v. Laborers' International Union*, 648 F.3d 295, 302-303 (6th Cir. 2011); *United
States v. Carlson*, 209 Fed.Apx. 181, 184-185 (3d Cir. 2006).

3.      Concealment of Evidence, False Exculpatory Statements (**Instruction 28**)

**a.**      The Government's proposed instruction references certain actions that the defendant
undertook *during and after* the crime was supposed to have been committed.  The Sixth Circuit
Pattern Criminal Jury Instruction 7.14 only refers to conduct that occurred ***after*** the crime was
committed.  Accordingly, the Defendant submits that the words "during and" be removed from

the instruction.

**b.**     The Defendant has steadfastly maintained his innocence and has denied that he undertook any steps or efforts to conceal evidence or avoid detection.  Accordingly, to the extent that the Court decides to utilize a Concealment Instruction pursuant to Sixth Circuit Pattern Criminal Jury Instruction 7.14, the Defendant requests that language utilized in Paragraph (1) of the Government's Proposed Jury Instructions be amended as follows:

**i.**     You have heard testimony that after the crime was supposed to have been committed, the Defendant allegedly took steps to conceal attribution of the code and/or avoid detection.

This language avoids the confusion of referencing multiple forms of conduct that while distinct, were allegedly undertaken for the same purpose – namely, to avoid attribution and/or detection. Likewise, the language also brings Paragraph (1) in line with the statement set forth in Paragraph (2).

**c.**     Should the Court disagree with the defense's foregoing suggested revisions to Paragraph (1) of the Government's Proposed Jury Instructions (*see* item (b)(i) above), the Defendant requests that the Court remove the word "malicious" in describing the code in question as the term improperly suggests that the code was nefarious, which is a central issue to be decided in this case.

**d.**     Defendant requests that the sentence from Paragraph (2) of the Proposed Jury Instructions "On the other hand, sometimes an innocent person may conceal his actions for some other reason" be amended as follows: "On the other hand, sometimes an innocent person may undertake such actions for other, legitimate reasons."   The suggested revision avoids any

potential confusion stemming from the particular evidence adduced at trial with respect to the conduct alleged in Paragraph (1) of the Proposed Instruction.

**e.**     Defendant objects to the inclusion of the second proposed instruction listed under the "**and/or**" heading regarding the Defendant's failure to admit to his peers that he created the malware and deleted data on his work laptop.   The Sixth Circuit Pattern Criminal Jury Instructions do not reference a defendant's failure to admit certain things as warranting an instruction.   First, referring to the Defendant's failure to admit or acknowledge certain matters presupposes that the code in question caused the issues and that the Defendant was aware of that fact.   Likewise, the statement may improperly implicate and/or infringe on the Defendant's Fifth Amendment protections.

Second, deleting information does not necessarily suggest anything, particularly when there is no evidence as to the specific items that may or may not have been deleted.   To the extent that the items have no bearing on – or relevance to – the alleged offense, it would be improper and prejudicial to include said language in an instruction.

**Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.14.

**B.     With respect to the following instruction proposed by the Government, the Defendant OBJECTS to its inclusion altogether:**

1.     <u>Statement by Defendant</u> **(Instruction 30)**

**a.**     The Commentary to this instruction suggests that it should be utilized when the defendant has made a confession.  In the case at bar, the Defendant has not made a confession.  Upon information and belief, the statement(s) that would be the subject of the instant instruction concern the Defendant's acknowledgment that he wrote certain codes or programs that the Government contends were responsible for causing the damage herein at issue.  However, those statements can only be deemed "confessions" or "against interest" to the extent that the evidence establishes that the programs or codes did, in fact, cause damage as alleged by the Government.  This is one of – if not the – central issue(s) in the case.  As such, the instruction is unnecessary and would only serve to confuse the jury by suggesting that

<u>**Authority:**</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.20

**C.     With respect to the following instructions proposed by the Government, the Defendant reserves the right to OBJECT to their inclusion:**

1.     <u>On or About</u> **(Instruction 14)**

**a.**     The Use Note for this Instruction directs courts to "[u]se caution in giving this instruction if the defendant has raised an alibi defense dependent on particular dates; or if there is a statute of limitations question; or if the date charged is an essential element of the crime and the defendant may have been misled by the date charged in the indictment; or if giving this instruction would constructively amend the indictment."

6

**b.**     Here, the Indictment and discovery materials maintain that Eaton's system started to experience issues beginning on August 4, 2019.  The defense anticipates introducing testimony and evidence undermining these claims, particularly as it relates to the purportedly malicious programs and codes used as well as the manner in which the Government alleges that the scheme was perpetrated. For instance, there is evidence to suggest that at least one (1) of the programs that the Defendant is alleged to have utilized to commit the offense was not operational as of August 4, 2019.  Moreover, some of the other programs identified in the Indictment and discovery materials as being malicious and/or contributing to the system damage were written several years before the purported damage occurred.  Thus, while the Defendant does not object to the date range set forth in the Indictment, he expressly reserves the right to object to the use of the proposed "On or About" instruction – as well as any attempt to modify the date range specified in the Indictment – depending on the evidence adduced during trial.

> **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 2.04

**D.     In addition to the proposed instructions heretofore discussed as well as those included in the Government's Proposed Jury Instructions, the Defendant requests that the following instruction be included and submitted to the jury in this case:**

1.     <u>Concurrence of the Elements</u>

The proposed instruction constitutes a correct statement of the law and serves to clarify that the Defendant must have possessed the requisite intent (*i.e.,* to cause damage to protected computers) at the time he committed the acts allegedly constituting the offense herein at issue. This is particularly important given that some of the programs that were purportedly responsible

for causing damage to the system(s) in question were written – and implemented at different times – in some instances, several years prior to the supposed damage occurred.   Although derived from the California Pattern Jury Instruction, the underlying concept has been adopted and approved in the Sixth Circuit. *See, e.g., United States v. Turner*, 1999 WL 701901, *5 (6th Cir. 1999) ("As a general matter, the government, in order to prove intent, must…establish that the individual had the requisite mental state at the time of the commission of the crime").

**<u>Authority:</u>**

California Pattern Jury Instruction (CALCRIM) No. 251 modified to conform with specific charge at issue; *United States v. Turner*, 1999 WL 701901, *5 (6th Cir. 1999).

IV.    **LIST OF *VOIR DIRE* QUESTIONS**

The parties have agreed upon a list of proposed *voir dire* questions to be utilized during the jury selection in this case.  The list of questions is set forth in a separate pleading titled "Joint Proposed *Voir Dire*," (ECF #43) which is expressly adopted and incorporated herein by express reference.

V.    **POTENTIAL EVIDENTIARY ISSUES**

Set forth below are various summaries of controlling legal principles that may arise during the course of trial proceedings in this matter.

A.    **Scope Expert and Lay Opinion Testimony**

Defendants anticipate that the government may object to testimony from witnesses on the basis that it constitutes improper lay testimony. The government may also attempt to proffer one of more of its case agents to provide expert testimony. In resolving these evidentiary questions, the Court may apply the following principles.

    1.    **Lay Witness Testimony**

Federal Rule of Evidence 701 provides that a witness not testifying as an expert may give an opinion to the extent that it is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005), cert. denied, 552 U.S. 1154 (2008) (each subpart of Fed. R. Evid. 701 is a foundational requirement necessary for admission of any lay opinion testimony). Additionally, under Fed. R. Evid. 602, the witness providing the lay opinion testimony may testify "only if evidence is introduced sufficient to support a finding that

the witness has personal knowledge of the matter." However, "[e]vidence to prove the personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

A court may prohibit a lay witness from testifying in "terms that demand an understanding of the nature and scope of the criminal law" or as to "the legal implications of conduct," on the ground that any such testimony would not be helpful to the trier of fact. *United States v. Baskes*, 649 F.2d 471, 478 & n. 5 (7th Cir. 1980), cert. denied, 450 U.S. 1000 (1981*). See also United States v. Parris*, 243 F.3d 286, 288-89 (6th Cir. 2001) (lay testimony using terms that have a separate and distinct meaning in the law, as opposed to lay vernacular, must be excluded); *United States v. Sheffey*, 57 F.3d 1419, 1426 (6th Cir. 1995), cert. denied, 516 U.S. 1065 (1996) (same).

"Testimony offering nothing more than a legal conclusion – *i.e.*, testimony that does little more than tell the jury what result to reach – is properly excludable under the Rules." *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997). *See also Christiansen v. Nat'l Sav. & Trust Co.*, 683 F.2d 520, 529 (D.C. Cir. 1982) ("[L]ay legal conclusions are inadmissible into evidence.").

Regardless, lay witness testimony "is not inadmissible simply because it embraces an ultimate issue of fact." *United States v. Tolbert*, 8 Fed. Appx. 372, 379 (6th Cir.), cert. denied, 534 U.S. 897 (2001). *See also* Fed. R. Evid. 704(a); *United States v. Baur*, No. 91–1868, 1993 WL 339707, at *3 (6th Cir. Sept. 1, 1993) (noting that because witness was not testifying as an expert, "his lay opinion was not barred by Rule 704(b)"); *United States v. Hauert*, 40 F.3d 197, 201 (7th Cir. 1994) ("[A] lay witness may, in appropriate circumstances, give an opinion on an 'ultimate issue.'").

The intent of another person is also a proper subject for lay opinion testimony. *See Spurlock v. Fox*, No. 3:09-cv-0756, 2010 WL 3807167, at *2 (M.D. Tenn. Sept. 23, 2010) ("[L]ay opinion regarding a third party's state of mind is admissible if the witness has personal knowledge of the matter forming the basis of the witness's opinion and is rationally based on his own perception"); *Hansard v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 865 F.2d 1461, 1466–67 (5th Cir. 1989) ("Courts often have permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness has an adequate opportunity to observe the underlying circumstances."); *United States v. Smith*, 550 F.2d 277, 281 (5th Cir. 1977) (coworker permitted to testify that defendant understood CETA regulations he was charged with violating), cert. denied, 434 U.S. 841 (1977); *United States v. Hoffner*, 777 F.2d 1423, 1425 (10th Cir. 1985) ("[C]ourts have been very liberal in admitting witnesses' testimony as to another's state of mind if the witness has had a sufficient opportunity to observe the accused so as to draw a rational conclusion about the intent of the accused"); *Bohannon v. Pegelow*, 652 F.2d 729, 732 (7th Cir.1981) (permitting a witness who had observed an arrest to testify that she believed the arrest was motivated by racial prejudice); *Winant v. Bostic*, 5 F.3d 767 (4th Cir. 1993) (admitting the opinion of a state official, based on the official's prior professional dealings and discussions with the developer about necessary permits, that a developer should have known that a major development permit was required); *United States v. Gold*, 743 F.2d 800 (11th Cir. 1984) (admitting the statement of the owner of an optical center that the volume of cataract eyewear sales at the optical center was excessive before he took over based on his own examination of the store's records and his own personal experience in the optical business).

11

### 2.    Expert Witness Testimony

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"[E]very circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *Coregis Ins. Co. v. City of Harrisburg*, No. Civ.A. 1:03-CV-920, 2005 WL 2990694, *2 (M.D. Pa. Nov. 8, 2005), *citing In re Initial Public Offering Lit.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. Nov. 7, 2001), cert. denied, 549 U.S. 1077 (2006) (collecting cases). *See also McCoy v. Precision Thermoplastic Components, Inc.*, No. 2:11-0026, 2014 WL 457667, *3 (M.D. Tenn. Feb. 4, 2014) ("It is well-settled in the Sixth Circuit, however, that the opinion of a lawyer on an issue of law is not a proper subject for expert testimony.").

"[A] district court must limit expert testimony so as to not allow the expert to offer opinion on 'what the law required' or 'testify as to the governing law.'" *Coregis*, 2005 WL 299064 at *2, *quoting United States v. Leo*, 941 F.2d 181, 196-97 (3d Cir. 1991). An expert witness cannot give an opinion as to his/her legal conclusion, *i.e.*, an opinion on an ultimate issue of law. *Nowell v. City of Cincinnati*, No. 1:03cv859, 2006 WL 2619846, *6 (S.D. Ohio Sept. 12, 2006). *See also United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984) ("It is the function of

12

the trial judge to determine the law of the case. It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles."); *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (expert witness testimony that gives a legal opinion is inadmissible because it "does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's"); *Stallion Heavy Haulers, LP v. Lincoln Gen. Ins. Co.*, No. SA-09-CA- 0317-FB, 2011 WL 130154, *2 (W.D. Tex. Jan. 13, 2011) ("Because most of Huddleston's report opines about questions of law, it is inadmissible.").

In *Dahlgren v. Muldrow*, No. 1:06-cv-00065-MP-AK, 2008 WL 186641 (N.D. Fla. Jan. 18, 2008), the district court reasoned:

> [r]egardless of whether a witness is a lay witness or an expert witness, all witnesses generally are prohibited from testifying as to questions of law regarding the interpretation of a statute, the meaning of the terms in a statute, or the legality of conduct. The determination of which law applies and what the law means is for the Court to decide. The determination of compliance with a law is for the jury to decide. Expert opinion testimony must assist the trier of fact, through specialized knowledge, to understand the evidence or to determine a fact in issue. Expert testimony that merely tells the jury what legal conclusion to reach fails to do that. While, as a general rule, a witness cannot state a conclusion, or opinion, on what the law is, *they may give an opinion on an issue of fact relating to the law*.

*Id.* at *5. (Emphasis added).  An expert may give his/her opinion regarding an ultimate issue of fact to be decided by the jury, but only if such testimony would be helpful to the jurors in their fact-finding duties. *See* Fed. R. Evid. 704(a); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("Federal Rule of Evidence 704 permits an expert witness to give expert testimony that 'embraces an ultimate issue to be decided by the trier of fact.'").

Experts may give their opinion regarding custom and practice in an industry in order to assist the jury in determining any fact in issue, including intent. *See Berckeley*, 455 F.3d at 217-

13

18. In *Berckeley*, the Third Circuit remanded the matter to the district court in order to conduct a trial regarding whether Berckeley had the requisite scienter to commit violations of federal securities laws. *Id*. at 222. In so holding, the opinion affidavit of a former SEC lawyer, which described and analyzed Regulation S adopted by the SEC, and its general application in the securities industry during the applicable timeframe, created a then-present environment where it would have been reasonable for Berckeley to believe that it was entitled to an exemption from SEC registration requirements. *Id*. at 216-17. The Third Circuit specifically found that portions of the former SEC lawyer's affidavit were admissible, reasoning:

> [t]his is a case in which we find that Van Sant's background testimony could be helpful to the jury. She is an experienced former counsel for the SEC with expertise in offshore securities transactions. The customs and business practices in the securities industry at the time the parties entered into the Agreement provide an important context which will aid the jury in determining whether Berckeley has the requisite scienter at the time to evade the registration requirements.

*Id*. at 218; *see also Leo*, 941 F.d at 196-197 (testimony of expert in the field of governmental contracting permissible as to customs and practices of the defense industry regarding the Armed Services Procurement Act in a criminal fraud prosecution); *First National State Bank v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981) (testimony of expert on the Uniform Commercial Code permissible as to established custom in banking industry and to provide background information to assist the jury in determining whether the bank's conduct warranted status akin to a holder in due course). Therefore, expert testimony that provides a background of the customs and practices of an industry that would assist the trier of fact is admissible.

Finally, Federal Rule of Evidence 704(b) provides, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state

or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." *See also United States v. Combs*, 369 F.3d 925, 940 (6th Cir. 2004), cert. denied, 552 U.S. 1260 (2008) ("Rule 704(b), however, prevents an expert witness from testifying that a defendant in a criminal case did or did not have the requisite mental state or condition constituting an element of the crime charged…"). Accordingly, an expert witness may not testify regarding whether any defendant had the requisite mental state to commit any charged crime.

### 3.    Use of Case Agent as a Witness

Several courts of appeals have expressly disapproved of having a case agent testify as both an expert and lay witness about the facts of a case. In *United States v. Dukagjini*, 326 F.3d 45, 53 (2nd Cir. 2002), cert. denied, 541 U.S. 1092 (2004), the Second Circuit held that "the use of a case agent as an expert witness increases the likelihood that inadmissible and prejudicial testimony will be proffered." The *Dukagjini* court further reasoned that:

> [a]s the testimony of the case agent moves from interpreting individual code words to providing an overall conclusion of criminal conduct, the process tends to more closely resemble the grand jury practice, improper at trial, of a single agent simply summarizing an investigation by others that is not part of the record. Such summarizing also implicates Rule 403 as a "needless presentation of cumulative evidence" and a "waste of time."

*Id.* at 54. The *Dukagjini* court noted that when a fact witness or case agent also functions as an expert for the government: (1) there is a risk of prejudice that the jury may infer that the agent's opinion as to the criminal nature of the defendant's actions is based on knowledge of the defendant outside of the evidence adduced at trial; (2) there is an impairment of that witness' ability to be effectively cross-examined, which may enhance the witness' credibility as a fact witness; and (3) there is an increased danger that the expert testimony will depart from the

application of reliable methodology and instead convey to the jury the witness' "sweeping conclusions" about the defendant's activities, thereby deviating from Fed. R. Evid. 403 and 702. *Id*. at 53-54 (internal citations omitted).

In *United States v. Mejia*, 545 F.3d 179, 190-91 (2d Cir. 2008), cert. denied, 132 S.Ct. 153 (2011), the Second Circuit addressed the use of a law enforcement officer as an expert and fact witness, and reasoned:

> [a]s the officer's purported expertise narrows from 'organized crime' to 'this particular gang,' from the meaning of 'capo' to the criminality of the defendant, the officer's testimony becomes more central to the case, more corroborative of the fact witnesses, and thus more like a summary of the facts than an aide in understanding them. The officer expert transforms into the hub of the case, displacing the jury by connecting and combining all other testimony and physical evidence into a coherent, discernible, internally consistent picture of the defendant's guilt. In such circumstances, it is a little too convenient that the Government has found an individual who is an expert on precisely those facts that the Government must prove to secure a guilty verdict – even more so when that expert happens to be one of the Government's own investigators. Any effective law enforcement agency will necessarily develop expertise on the criminal organizations it investigates, but the primary value of that expertise is in facilitating the agency's gathering of evidence, identification of targets for prosecution, and proving guilt at the subsequent trial. When the Government skips the intermediate steps and proceeds directly from internal expertise to trial, and when those officer experts come to court and simply disgorge their factual knowledge to the jury, the experts are no longer aiding the jury in its factfinding; they are instructing the jury on the existence of the facts needed to satisfy the elements of the charged offense.

*See also United States v. Alvarez*, 837 F.2d 1024, 1030 (11th Cir. 1988) ("When the expert is a government law enforcement agent testifying on behalf of the prosecution about participation in prior and similar cases, the possibility that the jury will give undue weight to the expert's testimony is greatly increased."); *United States v. Lombardozzi*, 491 F.3d 61, 72 (2d Cir. 2007) (when expert witness has testified as to the facts of his investigation of defendant on trial, there is

16

a danger that he may have "communicated out-of-court testimonial statements of cooperating witnesses and confidential informants directly to the jury in the guise of an expert opinion"); *Mejia*, 545 F.3d at 198 (*quoting Dukagjini*, 326 F.3d at 57 n.7) ("Alicea did not analyze his source materials so much as repeat their contents. Alicea thus provided evidence to the jury without also giving the jury the information it needed 'to factor into its deliberations the reliability (or unreliability) of the particular source. These statements therefore violated Rule 703."); *Garcia*, 413 F.3d at 216 (where a case agent is utilized by the government as a fact witness only, "the foundation requirements of Rule 701 do not permit a law enforcement agent to testify to an opinion so based and formed if the agent's reasoning process depended, in whole or in part, on his specialized training and experience.").

Regardless, whether a case agent is testifying as a lay witness, expert witness, or both, the jury is not "helped" within the meaning of the Federal Rules of Evidence by opinion testimony that, in addition to telling the jurors "what was in the evidence," also tells them "what inferences to draw from it." *United States v. Grinage*, 390 F.3d 746, 750 (2d Cir. 2004), cert. denied, 544 U.S. 1007 (2005). Accordingly, due to the above considerations, circuit courts of appeals have disapproved of the use of a government case agent as an expert witness.

## B.      Fed.R. Evid. 404(b)

The Defendant has requested that the government produce any evidence that the government might seek to admit pursuant to Rule 404(b) of the Federal Rules of Evidence. The government has not identified any such evidence to date. Nevertheless, if the government were to proffer such evidence during trial, the Court's ruling on the admissibly of such evidence must be determined in light of the following principles.

17

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b) further provides that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "On request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice." Rule 404(b)(2)(A)-(B).

### 1. Three-Part Test to Determine Admissibility

The Sixth Circuit has a three-part test for determining the admissibility of evidence under Rule 404(b):

> [f]irst, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Adams*, 722 F.3d 788, 811 (6th Cir. 2013) (*citing United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)). "With regard to the second step, '[e]vidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *Adams*, 722 F.3d at 810 (quotation marks and citations omitted).

18

When the government seeks to offer Rule 404(b) evidence to prove intent, the Sixth Circuit has "squarely rejected the rule that would allow the government to introduce other acts evidence simply to prove *mens rea*." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). However, "where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise." *United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011) (*citing Johnson*, 27 F.3d at 1192).

To be admissible under Rule 404(b) to prove intent, the other act "must also be 'substantially similar and reasonably near in time to the offense for which the defendant is being tried.'" *United States v. Love*, 254 Fed. App'x 511, 515 (6th Cir. 2007) (*citing United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)). With regard to the "substantially similar" requirement, the Sixth Circuit has held that "when the prior bad acts evidence is being offered for the purpose of showing intent, it 'need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent.'" *Love*, 254 Fed. App'x at 515–16 (*quoting United States v. Benton*, 852 F.2d 1456, 1468 (6th Cir. 1988)). *See also United States v. Sandoval*, 460 Fed. App'x 552, 564 (6th Cir. 2012) (in case involving obstruction of justice by attorney who was accused of meeting with government witness to get him to change his testimony, evidence that prior client was advised by attorney to lie was admissible under Rule 404 to prove intent to obstruct justice because the two acts "are similar in the relevant respect: intentionally injecting falsity into legal proceedings where truth is of paramount importance").

The government may offer "other wrongs" evidence to show absence of mistake under Rule 404(b) only if the defendant has asserted a defense based on some type of mistake. *United*

19

*States v. Wheeler*, 349 Fed. App'x 92, 97 (6th Cir. 2009) (*citing United States v. Newsom*, 452 F.3d 593, 606 (6th Cir. 2006)). "[T]he government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove." *United States v. Bell*, 516 F.3d 432, 442 (6th Cir. 2008) (*citing United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996)). *See United States v. Stokes*, 392 Fed. App'x 362, 367 (6th Cir. 2010) (finding evidence of prior audit notifications admissible to show absence of mistake where defendant charged with healthcare fraud asserted a defense of good faith mistake); *United States v. Lash*, 937 F.2d 1077, 1087 (6th Cir. 1991) ("The evidence of [defendant's] participation in other similar businesses and money laundering was relevant to establish that he understood that activity at [subject companies] was fraudulent" in a case where defendant "sought to present himself as only a bookkeeper who had no knowledge of illegal activity").

### 2. Limiting Instruction May Be Required

The Sixth Circuit has "carefully explained the steps courts must take to ensure Rule 404(b) is properly applied." *United States v. Feagan*, 472 Fed. App'x 382, 389 (6th Cir. 2012) (*citing Merriweather*, 78 F.3d at 1076-77). When "other wrongs" evidence is offered, the Court must provide the jury a limiting instruction to ensure that the evidence is considered by the jury only for the limited Rule 404(b) purpose. *See* SIXTH CIRCUIT CRIMINAL PATTERN JURY INSTRUCTION NO. 7.13.

"[W]hen the trial court's final decision is made, the balancing having been done, and the jurors are permitted to hear of the defendant's prior misconduct, it is important that the jurors then be clearly, simply, and correctly instructed concerning the narrow and limited purpose for

20

which the evidence may be considered." *Johnson*, 27 F.3d at 1193. The Sixth Circuit has warned that "[a]lthough the balancing of probative value and substantial prejudice may be subsumed in the court's ruling admitting the evidence, it is because prior acts evidence carries with it such a high risk of confusion and misuse that there is a heightened need for the careful application of the principles set out in Rule 403." *Id*. at 1193. *See also Huddleston v. United States*, 485 U.S. 681, 691-92 (1988) ("[T]he trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the purpose for which it was admitted.").

"To apply Rule 404(b) fairly, the district court must carefully identify, in its instructions to the jury, the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors against using the evidence to draw the inferences expressly forbidden in the first sentence of Rule 404(b)." *Johnson*, 27 F.3d at 1194. "One factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof." *Merriweather*, 78 F.3d at 1077. "Another consideration is whether the impermissible inferences the jury might drawn from the evidence will 'drown out' the permissible conclusions the jury is permitted to make under Rule 404(b)." *Feagan*, 472 Fed. App'x at 390 (*citing Merriweather*, 78 F.3d at 1077). "The risk can be reduced by a clear, concise limiting instruction indicating the specific purpose for which the evidence is admissible." *Id*. District courts are afforded "very broad discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence." *Id*. However, failure "to even conduct a Rule 403 balancing analysis [is] a per se violation of Rule 404(b)s application." *Id*. at 391 (*citing Merriweather*, 78 F.3d at 1078) (italics in original).

21

### 3. Background Evidence or *Res Gestae*

When evidence is challenged as inadmissible under Fed. R. Evid. 404(b), courts may admit the evidence although it alleges other wrongs not charged in the indictment if the evidence is background evidence or "res gestae." "Background or res gestae evidence is an exception to Rule 404(b)." *Adams*, 722 F.3d at 810 (*citing United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012)). "'Background' evidence, often referred to as the 'res gestae' of the case, does not implicate rule 404(b) because such evidence is intrinsic to the crime charged." *United States v. Dimora*, 843 F. Supp. 2d 799, 823 (N.D. Ohio 2012) (*citing United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). "Intrinsic acts, or those 'inextricably intertwined' with the crime charged, or 'part of a single criminal episode,' … are admissible and beyond the reach of Rule 404(b)." *Dimora*, 843 F. Supp. 2d at 823.

"Concerned with the potential for abuse of background evidence as a means to circumvent Rule 404(b)," courts in the Sixth Circuit "have recognized severe limitations as to temporal proximity, causal relationship, or spatial connections among the other acts and the charged offense." *Adams*, 722 F.3d at 810 (*quoting Clay*, 667 F.3d at 698) (internal quotation marks omitted). The Sixth Circuit has cautioned that:

> [p]roper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*Hardy*, 228 F.3d at 748.  In addition, "evidence that constitutes a continuing pattern of illegal activity is not considered an other act and, therefore, is not governed by Rule 404(b)." *Dimora*, 843 F. Supp. 2d at 824 (*citing United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 2000))

(internal quotation marks omitted). *See also Barnes*, 49 F.3d at 1149 ("Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity.").

On the other hand, "[w]hen the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed 'extrinsic.'" *United States v. Hemphill*, 76 Fed. App'x 6, 7 (6th Cir. 2003) (*quoting Barnes*, 49 F.3d at 1149). "Crimes or other wrongs that are unrelated to the charged offense are considered 'extrinsic,' and are generally not admissible[.]" *Dimora*, 843 F. Supp. 2d at 823.

## VI.    ESTIMATED LENGTH OF TRIAL

In conferring with counsel for the Government, the parties anticipate that trial will last approximately ten (10) days.

Respectfully submitted,


Dated: <u>July 15, 2024</u>                    <u>*/s/ Eric C. Nemecek*</u>
                                    Eric C. Nemecek (0083195)
                                    Ian N. Friedman (0068630)
                                    Counsel for Defendant
                                    Friedman Nemecek Long & Grant, L.L.C.
                                    1360 East 9th Street, Suite 650
                                    Cleveland, Ohio 44114
                                    P: (216) 928-7700
                                    F: (216) 820-4659
                                    E: ecn@fanlegal.com
                                    E: inf@fanlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Trial Brief was filed by CM/ECF on the 15th day of July, 2024, which will send a notification of such filing electronically to the following:

Brian Deckert, Assistant United States Attorney, 801 Superior Avenue, Cleveland, OH 44113.

Respectfully submitted,

*/s/ Eric C. Nemecek*
ERIC C. NEMECEK
IAN N. FRIEDMAN
Counsel for Defendant