IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR226 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | JOINT PROPOSED JURY |
| Defendant. | ) | INSTRUCTIONS AND VERDICT FORM |

The United States of America, by and through counsel, Rebecca C. Lutzko, United States

Attorney; Brian S. Deckert and Daniel J. Riedl, Assistant United States Attorneys; Candina S.

Heath, Senior Counsel, Department of Justice Computer Crime and Intellectual Property Section,

and Defendant Davis Lu, through counsel Eric C. Nemecek and Ian N. Friedman, respectfully

requests that the Court charge the jury with the following instructions.  The parties are prepared

to submit additional or alternative instructions on any aspect of this case should the Court or the

circumstances so require.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

/s/ Eric C. Nemecek                          By: /s/ Brian S. Deckert
Eric C. Nemecek (0083195)                    Brian S. Deckert (OH: 0071220)
Ian N. Friedman (0068630)                    Daniel J. Riedl (OH: 0076798)
Friedman Menashe Nemecek & Long, L.L.C.      Assistant United States Attorneys
1360 East 9th Street, Suite 650              801 West Superior Avenue, Suite 400
Cleveland, Ohio 44114                        Cleveland, OH 44113
P: (216) 928-7700                            (216) 622-3873/3669
F: (216) 820-4659                            (216) 522-8355 (facsimile)
E: ecn@fanlegal.com                          Brian.Deckert@usdoj.gov
E: inf@fanlegal.com                          Daniel.Riedl@usdoj.gov
*Counsel for Defendant*

**Contents**

1.  INTRODUCTION ................................................................................5

2.  JURORS' DUTIES ..............................................................................6

3.  PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT ..7

4.  EVIDENCE DEFINED ........................................................................9

5.  CONSIDERATION OF EVIDENCE ...................................................10

6.  DIRECT AND CIRCUMSTANTIAL EVIDENCE ...........................11

7.  CREDIBILITY OF WITNESSES .......................................................12

8.  NUMBER OF WITNESSES ...............................................................14

9.  LAWYERS' OBJECTIONS..................................................................15

10.  DEFINING THE CRIME AND RELATED MATTERS – INTRODUCTION ...............16

11.  COUNT 1: TRANSMISSION OF PROGRAM TO INTENTIONALLY CAUSE DAMAGE TO A COMPUTER - ELEMENTS, 18 U.S.C. § 1030(A)(5)(A) ...................17

12.  COUNT 1: TRANSMISSION OF PROGRAM TO INTENTIONALLY CAUSE DAMAGE TO A COMPUTER - DEFINITIONS, 18 U.S.C. § 1030(A)(5)(A) ..............18

13.  COUNT 1: UNANIMITY REQUIRED: DETERMINING ENHANCEMENTS, 18 U.S.C. § 1030(A)(5)(A), (C)(4)(A)(I)(I), (C)(4)(A)(I)(VI), AND (C)(4)(B)(I) ................20

14.  ON OR ABOUT ....................................................................................21

15.  INFERRING REQUIRED MENTAL STATE....................................22

16.  USE OF THE WORD "AND" IN THE INDICTMENT....................23

17.  DEFENSE THEORY ............................................................................24

18.  SPECIAL EVIDENTIARY MATTERS – INTRODUCTION ..........................25

19.  DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE ............26

20.  OPINION TESTIMONY ......................................................................27

21.  WITNESSES TESTIFYING TO BOTH FACTS AND OPINIONS ...............................28

22.  IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH 29

23. CHARACTER AND REPUTATION OF THE DEFENDANT......................................30

24. IDENTIFICATION TESTIMONY ...............................................................................31

25. SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE..........32

26. SECONDARY-EVIDENCE SUMMARIES ADMITTED IN EVIDENCE....................33

27. OTHER ACTS OF DEFENDANT ................................................................................34

28. CONCEALMENT OF EVIDENCE, FALSE EXCULPATORY STATEMENTS..........35

29. JUDICIAL NOTICE.......................................................................................................37

30. STATEMENT BY DEFENDANT .................................................................................38

31. STIPULATIONS ............................................................................................................39

32. DELIBERATION AND VERDICT – INTRODUCTION ...............................................40

33. EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE
    COMMUNICATIONS ...................................................................................................41

34. UNANIMOUS VERDICT..............................................................................................43

35. DUTY TO DELIBERATE .............................................................................................44

36. PUNISHMENT...............................................................................................................45

37. VERDICT FORM...........................................................................................................46

38. VERDICT LIMITED TO CHARGES AGAINST THE DEFENDANT .........................47

39. COURT HAS NO OPINION..........................................................................................48

40. JUROR NOTES ..............................................................................................................49

     VERDICT FORM............................................................................................................50

## Defendant's Proposed Instructions

1. DIRECT AND CIRCUMSTANTIAL EVIDENCE (GOVERNMENT'S INSTRUCTION
   6) ...................................................................................................................................53

3. COUNT 1: TRANSMISSION OF PROGRAM TO INTENTIONALLY CAUSE
   DAMAGE TO A COMPUTER - ELEMENTS, 18 U.S.C. § 1030(A)(5)(A)
   (GOVERNMENT'S  INSTRUCTION 11)........................................................................54

4. CONCURRENCE OF THE ELEMENTS (NOT INCLUDED ABOVE)........................56

5.     CONCEALMENT OF EVIDENCE, FALSE EXCULPATORY STATEMENTS
       (GOVERNMENT'S INSTRUCTION 28)..........................................................................57

6.     STATEMENT BY DEFENDANT (GOVERNMENT'S INSTRUCTION 30) ...............59

1. <u>Introduction</u>

   **A.**         **<u>Charge</u>:**

   (1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

   (2) I will start by explaining your duties and the general rules that apply in every criminal case.

   (3) Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

   [(4) Then I will explain the defendant's positions.]

   (5) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

   (6) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdict that you may return.

   (7) Please listen very carefully to everything I say.

   **B.**         **<u>Authority</u>:**

   Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.01.

2.  Jurors' Duties

   **A.**       **Charge**:

(1) You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

[(3) The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.]

(4) Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

   **B.**       **Authority**:

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.02.

3. <u>Presumption of Innocence, Burden of Proof, Reasonable Doubt</u>

**A.**      <u>**Charge**</u>**:**

(1) As you know, the defendant has pleaded not guilty to the crimes charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells a defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2) Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3) This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4) The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable

doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

**B.**     **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.03.

4. <u>Evidence Defined</u>

**A.** **Charge:**

(1) You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

(3) Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

**B.** **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.04.

9

5.  <u>Consideration of Evidence</u>

**A.**       **<u>Charge</u>:**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**B.**       **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.05.

6. <u>Direct and Circumstantial Evidence</u>

**A.** **<u>Charge</u>:**

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact by inference.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**B.** **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.06.

7. <u>Credibility of Witnesses</u>

**A.**      **<u>Charge</u>:**

(1) Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness' testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness' memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness' testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

[(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

(G) And ask yourself how believable the witness' testimony was in light of all the other evidence.  Was the witness' testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness' believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

**B.**     **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.07.

8.  <u>Number of Witnesses</u>

    **A.**        **<u>Charge</u>:**

    (1) One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

    (2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

    **B.**        **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.08.

14

9.  <u>Lawyers' Objections</u>

**A.**     **<u>Charge</u>:**

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

**B.**     **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.09.

10. <u>Defining the Crime and Related Matters – Introduction</u>

**A.**       **Charge:**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

[(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the defendant guilty.  Do not let the possible guilt of others influence your decision in any way.]

**B.**       **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 2.01.

11. Count 1: Transmission of Program to Intentionally Cause Damage to a Computer - Elements, 18 U.S.C. § 1030(a)(5)(A)

**A.**    **Charge**:

(1) Count 1 of the indictment accused the defendant, DAVIS LU, of intentionally damaging protected computer(s).  Specifically, Count 1 charges a violation of Title 18, United States Code, Sections 1030(a)(5)(A):

> From on or about August 4, 2019 through on or about September 5, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant DAVIS LU did knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant knowingly caused the transmission of a program, information, code, or command; and

(B) Second, that by doing so, the defendant intentionally caused damage to a protected computer without authorization.

(2) If you are convinced that the government has proved each of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**B.**    **Authority**:

Fed. Crim. Jury Instr. 7th Cir. 1030(a)(5)(A) (2023 ed.), modified to be consistent with Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 2.02.

12. Count 1: Transmission of Program to Intentionally Cause Damage to a Computer -
    Definitions, 18 U.S.C. § 1030(a)(5)(A)

     **A.**     **Charge:**

Now I will give you more detailed instructions on some of the terms used herein.

(1) An act is "knowingly" done if done voluntarily and not because of mistake or some other innocent reason.

(2) The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

(3) The term "protected computer" means a computer—

(A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government;

(B) which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States.

(4) The term "interstate [foreign] commerce" includes wire, radio or television communications which crossed a state line.

(5) The term "damage" means any impairment to the integrity or availability of data, a program, a system, or information.

18

(6) The term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

(7) The term "person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity.

**B.** **Authority:**

Item (1) – Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 10.02; however, Section 2.06 provides that no general instruction is recommended.
Item (4) - Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 10.02.
Items (2), (3), (5) through (7) – Title 18, United States Code, Section 1030(e).

13. Count 1: Unanimity Required: Determining Enhancements, 18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i)

**A.     Charge:**

(1) The defendant is charged in Count 1 of the indictment with intentionally damaging protected computer(s). If you find the defendant guilty of this charge, you will then be asked whether the defendant's conduct caused certain damage or loss. You will be provided with a special verdict form for this purpose. Specifically, Count 1 alleges that:

the offense caused damage affecting ten (10) or more protected computers during a one (1)-year period, and the offense caused loss to one or more persons during a one (1)-year period aggregating at least $5,000 in value.

(2) If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense identified in Count 1 caused damage affecting ten (10) or more protected computers during a one (1)-year period, then please indicate your finding on the special verdict form.

(3) If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense identified in Count 1 caused loss to one or more persons during a one (1)-year period aggregating at least $5,000 in value, then please indicate your finding on the special verdict form.

**B.     Authority:**

Adapted from Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 14.07A

14. <u>On or About</u>

    **A.**    **<u>Charge</u>:**

(1) Next, I want to say a word about the dates mentioned in the indictment.

(2) The indictment charges that the crime happened from "on or about" August 4, 2019, through on or about September 5, 2019. The government does not have to prove that the crime happened on these exact dates. But the government must prove that the crime happened reasonably close to those dates.

    **B.**    **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 2.04.

15. <u>Inferring Required Mental State</u>

**A.     <u>Charge</u>:**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**B.     <u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 2.08.

16. Use of the Word "And" in the Indictment

**A.**     **Charge:**

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

**B.**     **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 2.12.

17. <u>Defense Theory</u>

**A.**     **<u>Charge</u>:**

(1) That concludes the part of my instructions explaining the elements of the crime.  Next I will explain the defendant's position.

(2) The defense says [ to be supplemented by Defendant ]

**B.**     **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 6.01.

18. <u>Special Evidentiary Matters – Introduction</u>

**A.      <u>Charge</u>:**

That concludes the part of my instructions explaining the elements of the crimes [and the defendant's position].  Next, I will explain some rules that you must use in considering some of the testimony and evidence.

**B.      <u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.01.

19. <u>Defendant's Election Not to Testify or Present Evidence</u>

**A.**      **<u>Charge</u>:**

(1) A defendant has an absolute right not to testify or present evidence.  The fact that he did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that they are innocent.

[Or, in the event the defendant testifies:

<u>Defendant's Testimony</u>

(1) You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness' testimony.

(2) You should consider those same things in evaluating the defendant's testimony.]

**B.**      **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Sections 7.02A, 7.02B.

20. <u>Opinion Testimony</u>

**A.** **<u>Charge</u>:**

(1) You have heard the testimony of _____, who testified as an opinion witness.

(2) You do not have to accept _____'s opinion.  In deciding how much weight to give it, you should consider the witness' qualifications and how he/she reached his/her conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

**B.** **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.03.

21. <u>Witnesses Testifying to Both Facts and Opinions</u>

**A.**     **<u>Charge</u>:**

(1) You have heard the testimony of _____, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept _____'s opinion.  In deciding how much weight to give it, you should consider the witness' qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

**B.**     **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Instructions, 2023 Edition, Section 7.03A.

22. <u>Impeachment by Prior Inconsistent Statement Not Under Oath</u>

**A.**     <u>**Charge**</u>**:**

(1) You have heard the testimony of _____.  You have also heard that before this trial he/she made a statement that may be different from his testimony here in court.

(2) This earlier statement was brought to your attention only to help you decide how believable his/her testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his/her testimony here in court.

**B.**     <u>**Authority**</u>**:**

Sixth Circuit Pattern Criminal Instructions, 2023 Edition, Section 7.04.

23. <u>Character and Reputation of the Defendant</u>

    **A.**        **<u>Charge</u>:**

    You have heard testimony about the defendant's good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

    **B.**        **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.09.

24. Identification Testimony

**A.   Charge:**

(1) You have heard the testimony of _____, who has identified the defendant as the person who _____.  You should carefully consider whether this identification was accurate and reliable.

(2) In deciding this, you should especially consider if the witness had a good opportunity to see the person at that time.  For example, consider the visibility, the distance, whether the witness had known or seen the person before, and how long the witness had to see the person.

[(3) You should also consider the circumstances of the earlier identification that occurred outside of court.  For example, consider how that earlier identification was conducted, and how much time passed after the alleged crimes before the identification was made.]

[(4) You may take into account any occasion in which the witness failed to make an identification of defendant, or made an identification that was inconsistent with his identification at trial.]

(5) Consider all these things carefully in determining whether the identification was accurate and reliable.

(6) Remember that the government has the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crimes charged.

**B.   Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.11.

25. <u>Summaries and Other Materials Not Admitted in Evidence</u>

**A.**      **<u>Charge</u>:**

During the trial you have seen counsel use [summaries, charts, drawings, calculations, or similar material] which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

**B.**      **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.12.

26. <u>Secondary-Evidence Summaries Admitted in Evidence</u>

    **A.**    **<u>Charge</u>:**

 (1) During the trial you have seen or heard summary evidence in the form of [a chart, drawing, calculation, testimony, or similar material]. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

    (2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

    **B.**    **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.12A.

27. <u>Other Acts of Defendant</u>

    **A.**    <u>**Charge**</u>**:**

    (1) You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the one charged in the indictment. If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident]. You must not consider it for any other purpose.

    (2) Remember that the defendant is on trial here only for _____, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

    **B.**    <u>**Authority**</u>**:**

    Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.13.

28. Concealment of Evidence, False Exculpatory Statements

**A.** **Charge:**

(1) You have heard testimony that during and after the crime was supposed to have been committed, the defendant took steps to hide his name and employee ID in computer code, caused programs to run from other computers to evade detection and failed to upload his malicious code to databases where it could be checked by his coworkers.

(2) If you believe that the defendant took one or more of these steps to attempt to conceal the attribution of the code, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may conceal his actions for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

**and/or**

(1) You have heard testimony that after the crime was supposed to have been committed, the defendant failed to admit to his peers that he created the malware and deleted data on his work laptop.

(2) If you believe that the defendant failed to admit to his peers that he created the malware and deleted data on his work laptop, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may fail

to admit to his peers that he created malware and delete data on his work laptop for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

**B.**    <u>**Authority**</u>**:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.14.

29. <u>Judicial Notice</u>

**A.**     <u>**Charge**</u>**:**

(1) I have decided to accept as proved the fact that _____, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

**B.**     <u>**Authority**</u>**:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.19.

30. <u>Statement by Defendant</u>

    **A.**    **<u>Charge</u>:**

(1) You have heard evidence that the defendant, DAVIS LU, made a statement in which the government claims he admitted certain facts.  It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2) You may not convict the defendant solely upon his own uncorroborated statement or admission.

    **B.**    **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.20.

31. <u>Stipulations</u>

    **A.**    **<u>Charge</u>:**

The government and the defendant have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved: [  ]

    **B.**    **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.21.

32. <u>Deliberation and Verdict – Introduction</u>

**A.**      **<u>Charge</u>:**

(1) That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdict.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4) If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

(5) One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

**B.**      **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 8.01

33. Experiments, Research, Investigation and Outside Communications

      A.         **Charge**:

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2) During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3) You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the

judicial process.  A juror who violates these restrictions jeopardizes the fairness of these

proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B.**     **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 8.02.

34. <u>Unanimous Verdict</u>

**A.      <u>Charge</u>:**

(1) Your verdict, whether it is guilty or not guilty, must be unanimous.

(2) To find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves their guilt beyond a reasonable doubt.

(3) To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4) Either way, guilty or not guilty, your verdict must be unanimous.

**B.      <u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 8.03.

35. Duty to Deliberate

**A.**     **Charge:**

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**B.**     **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 8.04.

36. <u>Punishment</u>

**A.**     **<u>Charge</u>:**

(1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**B.**     **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 8.05.

37. <u>Verdict Form</u>

**A.**     **<u>Charge</u>:**

(1) I have a prepared verdict form that you should use to record your verdict.  The form reads as follows: _____.

(2) If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form and answer the additional question if you arrive at a guilty verdict.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Each of you should then sign the form, put the date on it, and return it to me.

**B.**     **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 8.06.

38. <u>Verdict Limited to Charges Against the Defendant</u>

    **A.**      <u>**Charge**</u>**:**

(1) Remember that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

[(2) Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.]

    **B.**      <u>**Authority**</u>**:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 8.08.

39. <u>Court Has No Opinion</u>

**A.**　　　**<u>Charge</u>:**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**B.**　　　**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 8.09.

40. <u>Juror Notes</u>

**A.      Charge:**

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**B.      Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 8.10.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR226 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | <u>COUNT 1 / VERDICT FORM</u> |

We, the jury, unanimously find the following:

Question 1. With respect to the charge in Count 1 of the indictment for intentionally

damaging protected computer(s), we find the defendant DAVIS LU:

Guilty _____          Not Guilty _____

If you answered Guilty in response to Question 1, proceed to Questions 1(a) and 1(b).

If you answered Not Guilty in response to Question 1, skip Questions 1(a) and 1(b) and

proceed to the signature lines.

Question 1(a). The offense caused damage to ten (10) or more protected computers

during a one (1)-year period. _____ (answer "Yes" or "No")

Question 1(b). The offense caused loss to one or more persons during a one (1)-year

period aggregating at least $5,000 in value. _____ (answer "Yes" or "No")

Proceed to signature line.

_____          _____
FOREPERSON

50

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Date: _____

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Below are amended instructions requested by the Defendant.  The government objects to these proposals and requests that this Court instruct the jury consistent with the Sixth Circuit Pattern Instructions as written above.  The additions requested by the Defendant are added to the instruction in italics and requested deletions are crossed out.

1. <u>Direct and Circumstantial Evidence</u> (Instruction 6)

   **A.** **Charge:**

   (1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

   (2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

   (3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact *by inference*.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

   *(4) You may not make one inference from another inference, but you may draw more than one inference from the same facts or circumstances.*

   *(5) Direct evidence and circumstantial evidence inherently possess the same probative value, and both must be measured by the same standard of proof – that is, proof beyond a reasonable doubt.*

   (6) It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

   **B.** **Authority:**

   Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 1.06.

2. <u>Count 1: Transmission of Program to Intentionally Cause Damage to a Computer -
Elements, 18 U.S.C. § 1030(a)(5)(A)</u> (Instruction 11)

**A.**     **<u>Charge</u>:**

(1) Count 1 of the indictment accuses the defendant, DAVIS LU, of intentionally

damaging protected computer(s).  Specifically, Count 1 charges a violation of Title 18, United

States Code, Sections 1030(a)(5)(A):

> From on or about August 4, 2019, through on or about September 5, 2019, in the
>
> Northern District of Ohio, Eastern Division, and elsewhere, Defendant DAVIS LU did
>
> knowingly cause the transmission of a program, information, code, and command, and as
>
> a result of such conduct, intentionally caused damage without authorization to a protected
>
> computer.

For you to find the defendant guilty of this crime, you must be convinced that the government

has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant knowingly caused the transmission of a program, information,

code, or command; and

(B) Second, that by doing so, the defendant intentionally caused damage to a protected

computer without authorization.  *That is, the defendant must be shown to have caused the*

*transmission "with the conscious purpose of causing damage."[1]*

(2) If you are convinced that the government has proved ~~all~~ *each* of these elements *beyond a*

*reasonable doubt*, say so by returning a guilty verdict on this charge. ~~If you have a reasonable~~

~~doubt about any one of these elements, then you must find the defendant not guilty of this~~

~~charge.~~ *If, on the other hand, you find from your consideration of all the evidence that the*

---

[1] *See Pulte Homes, Inc. v. Laborers' International Union*, 648 F.3d 295, 302-303 (6th Cir. 2011).

*government has failed to prove any one of these elements beyond a reasonable doubt, then you*

*must find the defendant not guilty of this charge.*

**B.**     **<u>Authority</u>:**

Fed. Crim. Jury Instr. 7th Cir. 1030(a)(5)(A) (2023 ed.), modified to be consistent with Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 2.02.

3. *Concurrence of the Elements* (Not included above)

*Defendant wishes to include this instruction.*

A. **<u>Charge:</u>**

*(1) The law punishes those who have a guilty state of mind at the moment they commit the act(s) that constitute a crime.*

*(2) For you to find the defendant guilty of the crime charged in this case, you must find that he not only knowingly caused the transmission of a program, information, code or command, but also that he did so with the intention of causing damage to a protected computer without authorization.*

*(3) If you find that the defendant did not have the required mental state at the time he committed the act, then you cannot find the defendant guilty of the crime.*

*(4) Of course, the government must prove to you beyond a reasonable doubt that any act(s) committed by the defendant constitute a crime when combined with the requisite mental state.*

B. **<u>Authority:</u>**

*California Pattern Jury Instruction (CALCRIM) No. 251 modified to conform with specific charge at issue; United States v. Turner, 1999 WL 701901, \*5 (6th Cir. 1999) ("As a general matter, the government, in order to prove intent, must…establish that the individual had the requisite mental state at the time of the commission of the crime").*

4.  <u>Concealment of Evidence, False Exculpatory Statements</u> (Instruction 28)

**A.**    **<u>Charge</u>:**

(1) You have heard testimony that ~~during and~~ after the crime was supposed to have been committed, the defendant *allegedly* took steps ~~to hide his name and employee ID in computer code, caused programs to run from other computers to evade detection and failed to upload his malicious code to databases where it could be checked by his coworkers~~ *conceal attribution of the code and/or avoid detection.*

(2) If you believe that the defendant took one or more of these steps to attempt to conceal the attribution of the code, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may ~~conceal his actions~~ *undertake such actions* for other, legitimate reasons. The defendant has no obligation to prove that he had an innocent reason for his conduct.

~~**and/or**~~

~~(1) You have heard testimony that after the crime was supposed to have been committed, the defendant failed to admit to his peers that he created the malware and deleted data on his work laptop.~~

~~(2) If you believe that the defendant failed to admit to his peers that he created the malware and deleted data on his work laptop, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may fail~~

to admit to his peers that he created malware and delete data on his work laptop for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

**B.**     **Authority**:

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.14.

5. ~~Statement by Defendant~~ (Instruction 30)

*Defendant wishes for this instruction to be removed.*

   A. ~~**Charge**~~:

   ~~(1) You have heard evidence that the defendant, DAVIS LU, made a statement in which the government claims he admitted certain facts.  It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.~~

   ~~(2) You may not convict the defendant solely upon his own uncorroborated statement or admission.~~

   ~~**B.**     **Authority**:~~

   ~~Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 7.20.~~