IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO CONTINUE
JURY TRIAL**

Now comes the Defendant, Davis Lu, by and through undersigned counsel, Friedman Nemecek Long & Grant, L.L.C., and hereby requests that this Honorable Court continue the Trial of this matter. The reasons for the instant request are set forth more fully in the Memorandum in Support, which is attached hereto and incorporated herein by express reference.

Respectfully submitted,

Dated: July 23, 2024

/s/ *Ian N. Friedman*
ERIC C. NEMECEK (0083195)
IAN N. FRIEDMAN (0068630)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: inf@fanlegal.com

## MEMORANDUM IN SUPPORT

### I.  FACTUAL HISTORY

Jury selection in the instant matter began on July 22, 2024. During the lunch hour, it was brought to undersigned's attention that the Defendant, Davis Lu, had difficulty hearing and/or understanding certain aspects of the Court's *voir dire* colloquy with the prospective jurors. In response, the Court suspended the afternoon session to ensure that Mr. Lu was afforded a reasonable opportunity to review the transcript of the *voir dire* to ensure that he was able to understand the nature and substance of those proceedings.

The parties appeared in Court the following day, at which time counsel represented that Mr. Lu had reviewed the transcript and was able to understand what had transpired at the proceedings on July 22, 2024.  With the consent of all parties, the Court resumed its *voir dire* of the potential jurors. During the course of *voir dire*, it was discovered that several jurors had received a summons with a commencement date of July 15, 2022, for an estimated period of approximately two (2) weeks.  Some of these individuals advised the Court that they had pre-existing obligations, including employment and travel plans, that would be negatively impacted should the trial proceed beyond July 26, 2024.  Many of these jurors were excused for cause due to these hardships. As for the remaining jurors, several appeared visibly frustrated and/or upset at the prospect of extended jury service.

After excusing the jurors for cause, there were a total of 28[1] potential jurors remaining for selection.  In light of the parties' peremptory challenges, the Court addressed the possibility of being unable to impanel a jury with a sufficient number of alternates.  The parties discussed how

---

[1] All parties and the Court also acknowledged that at least one (1) additional juror from the initial pool would likely be excused from service due to his responses during *voir dire*.

best to proceed, including the possibility of adding  prospective jurors to the original pool as well as continuing the trial of the matter.  To that end, the Court stated that it would attempt to secure alternate jurors who had been dismissed or excused from an unrelated proceeding to supplement the existing jury pool.

After discussing the matter with Mr. Lu, the undersigned advised the Court that its preference would be to continue the proceedings and reschedule the matter for trial with a new pool of jurors.  Mr. Lu acknowledged his right to a speedy trial and agreed to waive the same for purpose of rescheduling the trial.  Apart from the logistical issues related to supplementing the current jury pool, counsel expressed its concerns about the potential bias and/or animosity that the jury could harbor in light of the irregularities and delays in the proceedings, including an extended term of jury service well beyond the initially contemplated two (2) week term.  The undersigned noted that any such bias or animosity could irreparably prejudice Mr. Lu's constitutional right to due process and a fair trial.

 For the reasons discussed more fully infra as well as additional arguments to be presented on the record, the undersigned respectfully submits that the only appropriate remedy is to release the current jury panel and to reschedule the trial for a later date that is mutually convenient to all parties and the Court.

## II.  LAW AND ARGUMENT

The right to a fair trial, including the right to a fair and impartial jury, is a tenet of our criminal justice system. "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." *See* 28

U.S.C. § 1861. "*Voir dire* plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored." *See Connors v. United States*, 158 U.S. 408, 413, 15 S.Ct. 951, 953, 39 L.Ed. 1033 (1895). Despite its importance, the adequacy of *voir dire* is not easily subject to appellate review. See *Ristaino v. Ross*, 424 U.S. 589, 595, 96 S.Ct. 1017, 1020, 47 L.Ed.2d 258 (1976).

The trial judge's function during *voir dire* is not unlike that of the jurors later in the trial. *Id.* Both must reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and the individuals' responses to questions. *Id.* As such, federal judges have been accorded wide discretion in determining how best to conduct the *voir dire. Rosales-Lopez v. United States*, 451 U.S. 182, 188–89, 101 S. Ct. 1629, 1634–35, 68 L. Ed. 2d 22 (1981).

In the instant matter, the circumstances are ripe for prejudice should this matter continue as scheduled. Through no fault of the parties or this Honorable Court, the ability to conduct a thorough *voir dire* and impanel a fair and impartial jury without the risk of prejudice against either party has been significantly jeopardized.

First, jury selection in this case was originally scheduled for one day. Due to Mr. Lu's unexpected hearing difficulties, this Honorable Court graciously suspended the proceedings to afford Mr. Lu an opportunity to review the *voir dire* that had already been conducted. When *voir dire* recommenced, several jurors raised concerns regarding the prospect of trial extending beyond July 26, 2024.  After these – and other – jurors were excused for cause, the Court and parties discussed the prospect of being unable to impanel a jury of sufficient size to proceed forward with trial.  Given the uncertainty as to how best to proceed forward, the Court released

4

the remaining jurors and directed them to return to Court the following day.

Defense counsel observed several jurors express or exhibit frustration[2] over the delay and the prospect of further extending their term of service well beyond the initial two (2) weeks for which they had been summoned. These observations raise serious concerns – not only for counsel, but also Mr. Lu – about the potential negative impact that could result should the trial proceed as scheduled.

In addition to having the already frustrated jurors return for a third day of *voir dire*, this Honorable Court must now call jurors who were dismissed from an unrelated proceeding to supplement the shrunken jury pool. Should the Court elect to supplement the existing jury pool, voir dire would presumably need to start over, meaning that the original jury pool would need to undergo the same process and questioning that has transpired over the past two (2) days. This would inevitably add to their frustration and dissatisfaction, which raises serious doubts about their ability to be fair and impartial triers of fact.

Even if these individuals can withstand the prolonged and repeated jury selection process, the more significant issue is timing. As aforementioned, should this matter proceed forward, the jurors will have been forced to serve a term of three or four weeks, as opposed to the two-week term referenced in the summonses. This would inevitably require jurors to take additional time from work and/or other obligations, including arranging for childcare and rescheduling medical appointments or procedures.

The practical effect of this is two-fold. For starters, the undersigned has grave concerns

---

[2] Counsel submits that several of the jurors appeared to roll their eyes, sigh, and convey – through their demeanor and mannerisms – their general disappointment with the unanticipated delay(s).

that this prolonged jury service will cause a frustrated and disinterested jury panel. As the additional days go by, it is more likely that the jurors will be preoccupied with thoughts of missing additional days of work, or that they are experiencing financial hardships by being impaneled for an additional one or two weeks beyond what they were initially anticipating. Based on the current case schedule, it seems more likely than not that the jury would, at the very least, be deliberating into the week of August 5, 2024. At four weeks of service, a concern must be raised about the jury's eagerness to come to a quick verdict to avoid additional hardships and inconvenience.

Second, as already witnessed, the additional term of service will have a significant impact on the ability of many jurors to serve, which could lead to an unfair cross-section of the community. Pursuant to 28 U.S.C. § 1861, Mr. Lu has the right to a jury that represents a fair cross section of the community. This includes persons of all walks of life, including different races, nationalities, religions, and economic statuses. Due to the additional week or two of service, it is likely that those of high economic status will have an easier time being away from work or incurring additional expenses, while those of lower economic status will be unable to serve. This alone warrants a continuance of the trial.

These logistical difficulties create an environment ripe for prejudice against Mr. Lu. Even assuming a fair cross-section of the community can be empaneled, there are still serious concerns that the jury will be frustrated and upset with the delays. The risk of the jury's frustration being taken out on either party is far too great to ignore, particularly when this matter can be continued at this juncture with little-to-no-resulting prejudice to either party. While the undersigned recognizes that there exists a possibility of a frustrated jury in almost all cases, this frustration

has already been seen in many jurors. Moreover, this frustration and/or annoyance has been caused by circumstances wholly outside the control of this Court and/or the parties. Simply put, the irregularities that have occurred in this trial already create too large of a risk to continue as scheduled.

**WHEREFORE**, based on the foregoing, the Defendant, Davis Lu, hereby respectfully renews his request that this Honorable Court continue the Jury Trial in this matter and reset this matter for a date and time convenient for the Court and parties.

Respectfully submitted,

Dated: July 23, 2024

/s/ *Ian N. Friedman*
ERIC C. NEMECEK (0083195)
IAN N. FRIEDMAN (0068630)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: inf@fanlegal.com

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 23rd day of July, 2024, which will send a notification of such filing electronically to the following: Daniel Riedl, Assistant United States Attorney, 801 Superior Avenue, Cleveland, OH 44113.

Respectfully submitted,

/s/ *Ian N. Friedman*
ERIC C. NEMECEK
IAN N. FRIEDMAN
Counsel for Defendant

8