**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**                    **Case No. 1:21-cr-00226-PAB**

                         **Plaintiff,**     **JUDGE PAMELA A. BARKER**

    **-vs-**

                                         **ORDER**

**DAVIS LU,**

                      **Defendant.**

This matter is before the Court on Defendant Davis Lu's ("Defendant") Motion to Continue the jury trial of this matter ("Defendant's Motion"). (Doc. No. 61-1.) On July 22, 2024, Defendant appeared for jury selection in this matter. Attorneys Ian N. Friedman and Eric C. Nemecek appeared on behalf of the Defendant. Assistant U.S. Attorneys Daniel J. Riedl, Brian S. Deckert and Candina S. Heath appeared on behalf of the Government. During the lunch hour, it was brought to the Court's attention that the Defendant had difficulty hearing and/or understanding certain aspects of the Court's *voir dire* colloquy with the prospective jury panel members. In response, the Court adjourned for the afternoon to ensure that Mr. Lu was afforded a reasonable opportunity to review the transcript of the *voir dire* to ensure that he was able to understand the nature and substance of those proceedings.

On July 23, 2024, the Court confirmed Defendant had reviewed the transcript and was able to understand what had transpired at the proceedings on July 22, 2024. With the consent of all parties,

the Court resumed its *voir dire* of the potential jury panel members. During the course of *voir dire*, it was discovered that several jury panel members had received a summons with a commencement date of July 15, 2022, for an estimated period of approximately two (2) weeks. Some of these individuals advised the Court that they had pre-existing obligations, including employment and travel plans, that would be negatively impacted should the trial proceed beyond July 26, 2024. Many of these jury panel members  were excused for cause due to these hardships. As for the remaining jury panel members, several appeared visibly frustrated and/or upset at the prospect of extended jury service.  In response, the Court adjourned for the afternoon to secured additional alternate jury panel members to appear on July 24, 2024.

Upon reviewing Defendant's Motion for Leave to File Defendant's Motion, *Instanter* filed at 9:22 PM EDT on July 23, 2024 ("Defendant's Motion for Leave") (doc. no. 61), on July 24, 2024 the Court reconvened proceedings in the instant matter and on the record, granted Defendant's Motion for Leave.  Then, the Court inquired of Defendant if he had had the opportunity to read Defendant's Motion.  Defendant responded that he had discussed it with his counsel but had not actually read the motion.  The Court allowed the Defendant and counsel for the Government the opportunity to read the Motion, and both confirmed to the Court that they had done so.

The Court notified counsel that 14-17 alternate jury panel members had been summoned to supplement the existing jury panel, which had either been dismissed or excused from an unrelated proceeding or summoned to appear on July 29, 2024.  After discussions had on the record, Defendant waived his right to a speedy trial, and executed a written waiver, and agreed that a continuance should be granted.  For the reasons stated on the record, the Court granted Defendant's Motion, finding that to ensure fundamental fairness and not result in or prevent a

miscarriage of justice, the ends of justice served by the granting of a continuance outweigh the best interest of the public and defendant in a speedy trial. 18 U.S.C.§§3161(h)(7)(A) and 3161(h)(7)(B)(i).

**IT IS SO ORDERED.**

_s/Pamela A. Barker_
PAMELA A. BARKER
Date:  July 25, 2024                    U. S. DISTRICT JUDGE