IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR226 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | SUPPLEMENTAL TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through Carol M. Skutnik, Acting United States Attorney; Daniel J. Riedl and Brian S. Deckert, Assistant United States Attorneys, and Candina S. Heath, Senior Counsel, Department of Justice Computer Crime and Intellectual Property Section, and hereby files this Supplemental Trial Brief. Investigative reports are not a statement of the witness, and may not be used to impeach a witness. Even if an investigative report were a statement of the witness, out of court statements of a witness are hearsay and may only be used if an exception to the hearsay rule applies.

During trial, counsel for Lu read a portion of an FBI 302 to government witness Matt Rose, and then asked Mr. Rose whether he remembered making that statement. This is improper because 1) an FBI 302 summarizing an interview of a witness is not a statement of the witness; and 2) even if the 302 were adopted by a witness, such out of court statements are inadmissible hearsay.

**Impeachment via Investigative Reports**

As set forth in its trial brief (R. 47: Trial Brief, PageID 207), the United States moves to preclude Lu from cross-examining or seeking to impeach a witness with an investigative report that the witness has not signed or otherwise adopted. The United States' motion does not seek to proscribe or limit the use of investigative reports to refresh a witness' recollection.

Under the Federal Rules of Evidence, a witness may only be cross-examined and, where appropriate, impeached with his or her own prior statements. *See* FED. R. EVID. 613. Indeed, the Supreme Court has long recognized that it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." *Palermo v. United States*, 360 U.S. 343, 350 (1959). After all, in preparing investigative summaries, law enforcement officers necessarily exercise discretion in drafting reports. *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (recognizing that FBI 302s "have been deemed inadmissible for impeaching witnesses on cross-examination"), *abrogated on other grounds*, *United States v. Booker*, 543 U.S. 222 (2005); *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992) ("The problem, in essence, is one of relevancy. If a third party's notes reflect only that note-taker's summary characterization of a witness's prior statement, then the notes are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible.").

As it follows, investigative reports are not the "statements" of the interviewed individuals. *See United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003) ("[FBI 302s] are not Jencks Act statements of the witness unless they are substantially verbatim and were contemporaneously recorded, or were signed or otherwise ratified by the witness."). As a result, courts have routinely held that these types of law enforcement reports cannot be used to cross-examine or impeach interviewed parties if they are called as witnesses. *See, e.g.*, *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993) ("[A] witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own."); *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992) (same); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (affirming refusal to admit FBI interview report as a prior consistent statement because it was "not attributable to" the

2

witness); *United States v. Shannahan*, 605 F.2d 539, 542 (10th Cir. 1979) (holding that defense could not use FBI reports to cross-examine witnesses because "reports did not come within the rule authorizing the use of prior statements"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (same); *United States v. Rizza*, 2:14-CR-002-SPC, 2014 WL 3747624, at *2 (M.D. Fla. July 29, 2014) ("Defendants are precluded from depicting such 302s and summary reports as witness statements during the trial.").

Therefore, the defense must be precluded from introducing the contents of the FBI 302s to impeach witnesses on the basis of inconsistent statements because the FBI 302s are not the statements of the witnesses themselves. Moreover, they must be precluded from publishing the contents of the FBI 302s to the jury, or otherwise suggesting to the jury that the FBI 302 is a statement of the witness. To allow otherwise would subvert the meaning of the *Jencks Act* and the Supreme Court's decision in *Palermo* holding that it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations and interpolations." 360 U.S. at 350. The defense is, of course, free to ask a witness whether he or she made a statement to an FBI agent.[1] However, if the defense is not satisfied with the witness' answer, the defense may not publish or introduce the contents of the 302 as a prior inconsistent statement. See *United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [FBI 302s] have been deemed inadmissible for impeaching witnesses on cross-examination"); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a

---

[1] Likewise, in the appropriate circumstances and with the proper foundation, the defense may attempt to refresh the witness's recollection by showing the witness the 302, but only if the defense does so in a manner that does not imply that the 302 is the witness's own statement.

3

prior inconsistent statement"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it").  Moreover, the defense may not use the 302 in a way that suggests to the jury that the 302 is a statement of the witness.  See *United States v. Marks*, 816 F.2d 1207, 1210-11 (7th Cir. 1987) (holding that where defense counsel read from a 302 during cross-examination in a way that would "seem authoritative" and potentially confuse the jury, the judge was entitled to require the witness be shown the 302 and given the opportunity to adopt or reject it as a statement, although such a practice was no longer required by the federal rules of evidence).

**A witness' out of court statement are Hearsay.**

Even if an investigative report were adopted as a statement of the witness, which it was not, a witness' out of court statements are hearsay.  Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.  Fed. R. Evid. 801(c). Generally, hearsay is inadmissible, unless an exception to the hearsay rule applies. Fed. R. Evid. 801, 802.  Evidence that would constitute hearsay for one use may be considered excluded from the definition of hearsay altogether in other instances.  For example, a statement by a party opponent is considered "not hearsay," but that same statement offered by the party that made the statement fits squarely within the general prohibition.  Id.  An exception to the hearsay rule may apply if the statement is offered for some other purpose.  For example, to impeach the witness.  However, impeachment of a witness with a prior inconsistent statement requires the witness first testify inconsistently with his or her prior statement.

As a result, the United States seeks to preclude Lu from: (a) cross-examining or seeking to impeach witnesses with non-verbatim reports that have not been signed or adopted by the

4

witness; (b) from quoting, publishing, or suggesting to the jury that the contents of an investigative report is a statement of the witness.

                              Respectfully submitted,

                              CAROL M. SKUTNIK
                              Acting United States Attorney

By:    /s/ Daniel J. Riedl_____
         Daniel J. Riedl (OH: 0076798)
         Brian S. Deckert (OH: 0071220)
         Assistant United States Attorneys
         801 West Superior Avenue, Suite 400
         Cleveland, OH 44113
         (216) 622-3669/3873
         (216) 685-2378 (facsimile)
         Daniel.Riedl@usdoj.gov
         Brian.Deckert@usdoj.gov

By:    /s/ Candina S. Heath_____
         Candina S. Heath (TX #09347450)
         Senior Counsel
         U.S. Department of Justice Criminal Division
         Computer Crime & Intellectual Property Section
         John C. Keeney Building, Suite 600
         Washington, DC 20530
         (202) 923-5211
         Email: Candina.Heath2@usdoj.gov