IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:21CR226 |
| Plaintiff, | ) |
| | ) JUDGE PAMELA A. BARKER |
| v. | ) |
| | ) |
| DAVIS LU, | ) MOTION FOR ADDITIONAL TIME TO |
| | ) RESPOND TO DEFENDANT'S MOTION |
| Defendant. | ) FOR NEW TRIAL AND TO REINSTATE |
| | ) DEADLINES FOR OBJECTIONS TO THE |
| | ) PRESENCE REPORT |

Now comes the United States of America, by and through Carol M. Skutnik, Acting United States Attorney; Daniel J. Riedl and Brian S. Deckert, Assistant United States Attorneys; and Candina S. Heath, Senior Counsel, Department of Justice Computer Crime and Intellectual Property Section, and hereby requests this Honorable Court grant the Government a four-day extension of the time, until May 30, 2025, in which to respond to Defendant's Motion for New Trial. (R. 108: Motion, PageID 2734). The Government further requests that this Court reinstate the deadlines for responses to the presentence report.

**Background and Facts**

On March 7, 2025, following an eight-day trial, a jury found Defendant Davis Lu guilty of the sole count of the Indictment charging him with Intentionally Damaging Protected Computers. (R. 81: Verdict, PageID 818). A presentence report was ordered, and sentencing was scheduled for June 23, 2025. (R: N/A: Docket Entry 03/10/2025). The presentence report was timely prepared on May 1, 2025. (R. 107, PageID 2713). On April 8, 2025, the parties filed an unopposed motion for a scheduling order, recommending a deadline of May 12, 2025, for Defendant's post-conviction filings, with the Government's response due May 26, 2025, and any

reply by Defendant due June 2, 2025.  (R. 106: Motion, PageID 2710).  The motion was granted the following day.  (R: N/A: Docket Entry 04/09/2025).  The trial transcripts were prepared and filed on March 26, 2025.  (R. 90-101: Transcripts, PageID 871-2700).  Defendant filed his Motion for New Trial on May 12, 2025.  (R. 108: Motion, PageID 2734).  Currently, the Government's response is due May 26, 2025, which is Memorial Day.  (*Id.*)  For the following reasons, the Government requests four additional days, until May 30, 2025, to file its response.

**The Government's Request for Additional Time Should be Granted**

The Government's request for four additional days is reasonable, given the length and complexity of Defendant's motion.  The briefing schedule permitted Defendant 66 days from his conviction until his motion was due, while allowing the Government 14 days to respond. (R. 106: Motion, PageID 2711).  Given the 22-page brief and 50 pages of attached declarations filed by Defendant, the Government requires more time to thoroughly analyze the arguments; consult with the victim company, the case agent, and the FBI computer scientist; review the trial transcripts and exhibits; conduct necessary research; secure any needed declarations; and prepare its comprehensive response.  If granted, the extension will not impact the sentencing date in this matter.  This motion is made in good faith and not for purpose of delay.

**The Deadlines to Respond to the Presentence Report Should be Reinstated**

The presentence report was timely prepared on May 1, 2025.  (R. 107, PageID 2713).  On May 13, 2025, two days before objections were due, Defendant filed his motion requesting the Court lift the current deadline for filing responses or objections to the presentence report and hold that deadline in abeyance until after the resolution of his Motion for New Trial.  (R. 109, PageID 2807).  In his motion, Defendant incorrectly stated that "[n]o sentencing date has been set by the Court."  (R. 109: Motion, PageID 2808).  In fact, sentencing is scheduled for June 23,

2

2025. (R: N/A: Docket Entry 03/10/2025). For relief, Defendant requested that "the Court reset the deadline to be 14 days following the resolution of his post-trial motion for a new trial." (R. 109: Motion, PageID 2807). Just over 90 minutes later, the Court granted Defendant's request. (R: N/A: Docket Entry 05/13/2025). The government only became aware of the defense's intent to seek relief from timely responding to the presentence report by an email received from the defense at 5 p.m. on May 12, 2025. In that email, the defense explained its need for a continuance:

> We haven't had any opportunity to go over this PSR with our client, given his incarceration and our preoccupation with the post-trial motions.

While the government would have agreed to a brief continuance of the presentence report deadlines, it would have opposed the complete suspension of those deadlines. Defendant's request, based on the incorrect assertion that there was no sentencing date scheduled, would unfairly advantage Defendant by permitting the sequential presentation of potentially inconsistent arguments rather than requiring their simultaneous submission.

Defendant's request for a deadline two weeks after his motion is resolved can best be viewed as an attempt to gain a strategic advantage by avoiding making inconsistent arguments simultaneously, specifically regarding the application of United States Sentencing Guideline §3C1.1. In his Motion for New Trial, Defendant argues that, under different circumstances, Defendant's testimony may have "focused on other weak points in the Government's case, and not on an argument that the evidence directly refuted." (R. 108: Motion, PageID 2738). Later in his motion, Defendant asserts: "If [Mr. Lu] had known about the [Exhibit 13A and 13B Files[1]],

---

[1] As will be set forth fully in the Government's response to Defendant's Motion for New Trial, Defendant knew full well about the email alert notifications that formed the basis of Government's Exhibit 13A and 13B.

3

he—and his counsel—would not have been caught in an apparent deception by the jury during deliberations." (*Id*. at 2753, *paraphrasing United States v. Lee*, 573 F.3d 155 (3d Cir. 2009)). The thrust of Defendant's argument appears to be an attempt to avoid being *caught* in perjury, or to have perjured himself differently had he known the Government was ready to challenge him with the data contained in its rebuttal exhibits. This argument will almost certainly contradict the argument he intends to make in his objections to the presentence report. Defendant is attempting to have his cake and eat it, too. Put more directly, he seeks to have his perjury and claim honesty, too. By delaying his response to the presentence report, Defendant seeks to avoid making contradictory arguments simultaneously.

The presentence report calls for a two-level adjustment under USSG §3C1.1 for several acts committed by Defendant, including that, "the defendant committed perjury during his trial after he denied specific elements that the jury used when they found the defendant guilty." (R. 107: PSR, PageID 2720). This Court made a similar finding in its order denying Defendant's motion for a new trial, when it found that "the fact is that [Defendant's] testimony lacked credibility." (R. 87: Opinion and Order, PageID 858). When Defendant files his objections to the presentence report, he will likely persist in his false claims of innocence, despite the overwhelming evidence, and argue against the application of the obstruction of justice enhancement. If Defendant were forced to make both arguments simultaneously, his house of cards would collapse. He simply cannot credibly claim that his testimony was truthful while simultaneously arguing that he would have chosen to lie more effectively had he known the Government would have the opportunity to confront his perjurious testimony.

Defendant should not be permitted to benefit by indefinitely delaying his objections to the presentence report and he should be required to file his objections to the presentence report in

4

a timely manner. Defendant had sufficient notice and ample opportunity to prepare objections to the presentence report. The transcripts in this matter were prepared on March 26, 2025. In preparing Defendant's Motion for a New Trial, counsel for Defendant thoroughly reviewed the trial transcript and the trial exhibits, and most likely consulted with the defendant about the trial. Even following the filing of the Motion for New Trial, Defendant continues to have the opportunity to prepare those objections. Preparing objections to the presentence report should therefore not be overly burdensome.

The Government is aware that Defendant's objections to the presentence report were due on May 15, 2025. While the Government defers to the Court as to the final deadline, it proposes allowing Defendant fourteen (14) days to file any objections, a timeline equal to the time originally allotted Defendant to respond to the Presentence Report. (R: N/A: Docket Entry 05/01/2025). This deadline would not impact the sentencing date in this matter.

**Conclusion**

For the foregoing reasons, the Government respectfully requests that this Court grant the Government an extension to respond to Defendant's Motion for New Trial and requests that the Government be given four (4) additional days from May 26, 2025 (i.e., May 30, 2025), to

respond to the Motion. The Government further requests that Defendant be ordered to file his responses to the presentence report within fourteen (14) days of the order of the Court.

                    Respectfully submitted,

                    CAROL M. SKUTNIK
                    Acting United States Attorney

By:   /s/ Daniel J. Riedl
       Daniel J. Riedl (OH: 0076798)
       Brian Deckert (OH: 0071220)
       Assistant United States Attorneys
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3669/3873
       (216) 685-2378 (facsimile)
       Daniel.Riedl@usdoj.gov
       Brian.Deckert@usdoj.gov

       /s/ Candina S. Heath
       Candina S. Heath (TX #09347450)
       Senior Counsel
       U.S. Department of Justice Criminal Division
       Computer Crime & Intellectual Property Section
       John C. Keeney Building, Suite 600
       Washington, DC 20530
       (202) 923-5211
       Email: Candina.Heath2@usdoj.gov