IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR226 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | GOVERNMENT'S OPPOSITION |
| | ) | TO DAVIS LU'S MOTION TO |
| Defendant. | ) | VACATE THE SENTENCING DATE |
| | ) | |

Now comes the United States of America, by and through Carol M. Skutnik, Acting United States Attorney; Daniel J. Riedl and Brian S. Deckert, Assistant United States Attorneys, and Candina S. Heath, Senior Counsel, Department of Justice Computer Crime and Intellectual Property Section, and hereby opposes Davis Lu's motion to vacate the sentencing date. (R. 111: Motion to Vacate).

In his motion, the defense begs the court to vacate the sentencing hearing date, stating as its reasons:

1. "[T]he defense will be required to prepare a sentencing memorandum, which involves a great deal of time and expenditure of Mr. Lu's limited resources."

2. "[T]his effort [to prepare a sentencing memorandum] would prove unnecessary if the Court were to grant Mr. Lu's motion for new trial."

3. "It is premature to focus time and attention on the PSR and sentencing memoranda when the motion for new trial is still being litigated."

4. "Such a process [focusing time and attention on the PSR and the sentencing memoranda] would be inefficient for both the Court and wasteful of Mr. Lu's limited resources."

(R. 111: Motion to Vacate, PageID 2818).

Maintaining the currently scheduled sentencing hearing date represents the most efficient allocation of resources for both the Court and the parties. The sentencing date, Monday, June 23, 2025, was chosen to accommodate this Honorable Court's demanding schedule and the availability of counsel. Given that the sentencing date has been known to all parties since March 10, 2025 (R. N/A: Docket Entry 05/13/2025), the defense has had a substantial period of almost 70 days to commence work on its sentencing memorandum, assuming they elect to present one.[1] With the filing of its Motion for New Trial on May 12, 2025, presumably concluding a significant allocation of the defense's resources, they have been positioned since that date to address the presentence report, which was disclosed to the parties on May 1, 2025 (R. 107: Presentence Report, PageID 2713).

To assume that the Court would be incapable of ruling on the defendant's motion for new trial in the period between June 6, 2025 (the deadline for the defense to file its reply) and June 23, 2025 (the sentencing date), overlooks the inherent efficiency of this Court's resources and established procedures. The Court has mechanisms in place to handle motions in a timely manner, and it is fully capable of reviewing and deciding on Lu's motion within that timeframe, ensuring no unnecessary delays to the scheduled sentencing.

The defense next claims that they have been unable to meet with Lu to discuss the presentence report. (R. 111: Motion to Vacate, PageID 2818). The defense's claimed difficulty communicating with an incarcerated client is wholly unconvincing, especially considering how many attorneys successfully manage similar situations.[2] To comply with the Court's order and

---

[1] Lu's post-conviction counsel accepted representation after the sentencing date had been set. The court granted the motion for appearance Pro Hac Vice on March 31, 2025. Lu's trial counsel withdrew the following day, on April 1, 2025.

[2] The government understands that the detention center allows detainees to communicate with their counsel in person or by phone.

Federal Rule of Criminal Procedure 32(f), it is reasonable to conclude that the defense should have at least started reviewing the presentence report with Lu to meet the filing deadline, that being May 15, 2025. (R. 107: Docket Entry 05/01/2025). Yet, the defense did not file its motion to continue this deadline until May 13, 2025, two days before it was due. And as of May 16, 2025, the date of the instant defense motion, Counsel claims ignorance as to whether his client has even received the presentence report. Counsel presumably communicated with Lu at least once, if not more, while preparing the motion for a new trial, which was filed on May 12, 2025. (R. 108: Motion for New Trial).

### **Conclusion**

The Government opposes the defense's motion to vacate the date for the sentencing hearing. Instead, the Government requests the court to maintain the current sentencing date, and

reinstate its sentencing scheduling order, to include providing deadlines by which the parties should file their objections to the presentence report.

          Respectfully submitted,

          CAROL M. SKUTNIK
          Acting United States Attorney

By:   /s/ Daniel J. Riedl
      Daniel J. Riedl (OH: 0076798)
      Brian Deckert (OH: 0071220)
      Assistant United States Attorneys
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      (216) 622-3669/3873
      (216) 685-2378 (facsimile)
      Daniel.Riedl@usdoj.gov
      Brian.Deckert@usdoj.gov

      /s/ Candina S. Heath
      Candina S. Heath (TX #09347450)
      Senior Counsel
      U.S. Department of Justice Criminal Division
      Computer Crime & Intellectual Property Section
      John C. Keeney Building, Suite 600
      Washington, DC 20530
      (202) 923-5211
      Email: Candina.Heath2@usdoj.gov