IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 1:21-CR-226-PAB-1 |
| | ) |
| v. | ) |
| | ) |
| DAVIS LU, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT DAVIS LU'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE THE SENTENCING DATE**

On May 13, 2025, Mr. Lu requested that the Court "continue the deadline for his objections to the Pre-Sentence Report ("PSR") . . . [until] 14 days following the resolution of his post-trial motion for a new trial." ECF Dkt. 109, at 1. As grounds therefore, Mr. Lu noted that defense counsel had been, to that point, occupied with preparing the new trial motion, and had not been able to discuss the relevant sentencing issues with Mr. Lu. *Id.* That same day, the Court granted the motion.

The Government's request to have sentencing deadlines reinstated should be denied. The Government's Opposition fails to address the principal reason why the sentencing date should be vacated: it is the height of inefficiency for the parties to devote time and resources to address sentencing-related issues when there is an unresolved motion for new trial still pending. Indeed, it would be virtually unheard of not to resolve post-trial motions first, and only then, after their resolution, to turn to sentencing.

While one might think the reason for this custom and practice would require no explanation, apparently that is not the case in this instance. So, to state the obvious: it is a time-

1

consuming and costly task to research and draft objections to the Pre-Sentence Report (PSR),[1] and then draft a sentencing memorandum. Together, these tasks can easily require 50–75 hours of work. Mr. Lu is not a wealthy man, and this work would represent a significant expense for him and his family. Yet if the Court grants Mr. Lu's motion for new trial, this work would be rendered unnecessary and constitute a complete waste—not just of defense counsel's time, but of Mr. Lu's money, and the Court's and probation's time reviewing and ruling on the objections to the PSR and preparing for a sentencing hearing that would then be vacated.

Contrary to the Government's Opposition, Mr. Lu did not argue that the Court would be "incapable of ruling on the defendant's motion for new trial in the period between June 6, 2025 (the deadline for the defense to file its reply) and June 23, 2025 (the sentencing date)."[2] Dkt. 113, at 2. What Mr. Lu *did* argue—and what the Government has ignored—is that it would be *inefficient* for the defense, probation and the Court to devote time to sentencing issues that would be rendered irrelevant if the Court were to ultimately conclude that Mr. Lu's new trial motion must be granted.

Finally, the Government's assertion that "the defense has had a substantial period of almost 70 days to commence work on its sentencing memorandum" (Dkt. 113, at 2) is simply wrong.

---

[1] The PSR identified multiple sentencing enhancements, all of which must be researched thoroughly to determine if they are being correctly applied.

[2] While the Government incorrectly chides Mr. Lu for suggesting that the Court is "incapable" of ruling on both the new trial motion and the PSR objections in time of the sentencing date, the Government indicated its own concern about the Court's capacity in a May 14 email: "The sentencing hearing in this matter is scheduled for June 23 at 11 a.m. I don't think the current schedule will allow sufficient time for the Court to rule on your motion for a new trial, objections to the PSR and sentencing memoranda. The government intends to request additional time to respond to your motion for a new trial. Would you like to discuss a joint recommendation to continue the sentencing hearing and a proposed briefing schedule, or would you prefer we file our request separately?" The Government does not explain why its confidence in the Court's efficiency has grown so dramatically in the past week, or why it now believes that deferring the sentencing date is objectionable.

2

Defense counsel did not enter its appearance until March 31. From that date until May 12, counsel was consumed with familiarizing themselves with the discovery provided, the trial transcript, and researching and drafting the new trial motion. It did not have the resources to simultaneously prepare for a sentencing hearing that would be vacated if the new trial motion were to be granted.

There are six weeks from May 12 to the current sentencing date of June 23. It takes several weeks[3] for Mr. Lu to receive his legal mail, and he has not yet received his PSR.[4] It will be a cumbersome and drawn-out process to mail Mr. Lu drafts of the sentencing memorandum, and then await his comments and edits. Given this, there is not sufficient time to adequately prepare for sentencing. Moreover, given that Mr. Lu has had his bond revoked and is being held in detention, the Government has not explained how it—rather than Mr. Lu—is prejudiced by any delay in sentencing.

For these reasons, the defense respectfully requests that the Court deny the Government's request and, instead, not revisit its order that Mr. Lu's objections to the PSR are due 14 days after any denial of his motion for a new trial and to vacate the pending sentencing date.

Dated: May 27, 2025                                  Respectfully submitted,

                                                    */s/ Peter Zeidenberg*
Peter Zeidenberg (*pro hac vice*)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395
peter.zeidenberg@afslaw.com

---

[3] According to Mr. Lu's family, letters sent to Mr. Lu have taken two to three weeks to be delivered to him.

[4] Counsel was under the mistaken understanding that after its interview of Mr. Lu, Probation would send him a copy of the PSR at the same time it sent it to counsel. Counsel has since learned that this is not the case, and has taken steps to send a copy of the PSR to Mr. Lu.

3

                                      Apeksha Vora (*pro hac vice*)
                                      ArentFox Schiff LLP
                                      1301 Avenue of the Americas, 42nd Floor
                                      New York, NY 10019
                                      Ph: (212) 457-5420
                                      Fax: (212) 484-3990
                                      apeksha.vora@afslaw.com

                                      *Counsel for Defendant Davis Lu*

## **CERTIFICATE OF SERVICE**

I certify that on May 27, 2025, a true and correct copy of the foregoing was served by the Court's CM/ECF system in all counsel of record.

                                               */s/ Peter Zeidenberg*
                                               Peter Zeidenberg