| | |
|---|---|
| **From:** | Deckert, Brian (USAOHN) |
| **To:** | "Eric Nemecek" |
| **Cc:** | Riedl, Daniel J. (USAOHN) |
| **Subject:** | RE: Davis Lu |
| **Date:** | Thursday, August 10, 2023 8:58:00 AM |
| **Attachments:** | ChangLinjar_systems.xlsx |
| | Report from SVN.xlsx |
| | Lu File Events.xlsx |
| | image001.png |

Eric,

Attached, please find documents illustrating what we attempted to explain regarding Lu's activity. Lu did check code into SVN as shown in "Report from SVN", however, the ChangLinjar file was not checked into SVN and was instead run from a desktop logged in to Lu's account. The file "ChangLinjar_systems" contains the locations of the ChangLinjar file. Not only was this code malicious and without legitimate purpose, but running code on a desktop that interacts with an active engineering platform is a violation of Eaton's policy and contrary to any logical programming practice. The document "Lu File Events" reflects Lu's activity on August 4, 2019, and shows that Lu did, in fact, execute programs on that date.

The deployment process at Eaton involved different steps. First, the developer provided the code components (JSP, JAR files (compiled Java code) and other web components), schema, etc., to the platform team through a network share. Second, the platform team (administrators) got the code from the network share, built the WAR file and uploaded the WAR file to Clearcase (Code management tool used only for WAR file management). Third, the platform team configured Kintana (Deployment tool) to pull the WAR file from ClearCase and deploy to the Enovia application and deployed the schema from network share to the Enovia production system.

SVN was not used for any code deployment at all. SVN was used only by developers for code management. Code deployment was done only using Clearcase and Kintana.

In this case, the code (PLMLoginServlet.java) checked-in to SVN was different from compiled code provided to platform team for deployment. SVN always has the clean code. For instance, SVN code never contained Lu's account status check in Eaton's active directory. But the compiled version of code deployed in the Enovia production system contained status check.

I hope that this answers any questions that you had regarding our previous discussion. We have a final pretrial date set for September 14, 2023, and a trial date set for September 25, 2023. If Mr. Lu is interested in resolving this matter short of a trial, I believe we can fashion a plea agreement in that time period. If, however, Mr. Lu would like to proceed to trial then I think we should talk about a date certain so that both parties are in the best position to try the case. Either way, do you believe that you can provide us with an answer prior to the motion cut-off date of August 31, 2023? Thank you.

Brian S. Deckert
Assistant United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3873
Cell: (216) 318-2658
Brian.Deckert@usdoj.gov



**From:** Eric Nemecek
**Sent:** Tuesday, July 18, 2023 2:22 PM
**To:** Deckert, Brian (USAOHN)
**Subject:** [EXTERNAL] RE: Davis Lu

Brian,

I believe there are 2 aspects of Eaton's response that would be helpful to get some clarification on. First, there was some discussion during our recent meeting about two different versions of the code – 1 that was checked into SVN and another that was configured and sent to production. I believe Eaton stated that these codes were different, with the latter being the version that is alleged to have caused the server issues. It would be helpful to have a better understanding of this process/what exactly occurred (*i.e.*, how deployment process works and what specifically occurred here) as well as any records, evidence, materials, etc., that support or demonstrate this point.

Secondly, I would like to clarify Eaton's response to the KY server issue. In essence, the Indictment alleges that when the program was executed by Lu's user id from the server in KY (Paragraphs 9 and 10 of Indictment), it resulted in an infinite loop that depleted system resources and prevented users from accessing server(s). During our presentation, we provided records indicating that Mr. Lu's account did not access the KY server on the date when the server issues first occurred (*i.e.*, August 4th around 10:00 a.m.). I cannot recall Eaton's response/explanation and/or whether there were any records or documentation that they referenced to support their position.

As I mentioned, I'm happy to coordinate a phone call or other zoom meeting with the expert if that would be preferable. Just let me know.

Thanks,

**Eric C. Nemecek, Esq.**
Friedman Menashe Nemecek & Long, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com



**Friedman Menashe Nemecek & Long, L.L.C. - Confidential Communication**
This transmission contains confidential information intended only for the addressee(s) and may also be privileged and/or subject to attorney work-product protection. If you are not the intended recipient, any use, dissemination, distribution, or copying of this document or its contents is strictly prohibited. If you receive this message in error, please contact the sender immediately either by return E-mail or by telephone at (216) 928-7700. Thank You.

**From:** Deckert, Brian (USAOHN) <Brian.Deckert@usdoj.gov>
**Sent:** Tuesday, July 18, 2023 1:38 PM
**To:** Eric Nemecek <ecn@fanlegal.com>
**Subject:** Davis Lu

Eric,
Would you mind letting me know the specific question(s) that you or Mr. Lu had regarding Eaton's response?
Brian S. Deckert
Assistant United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3873
Cell: (216) 318-2658
Brian.Deckert@usdoj.gov

